# EXHIBIT A

CV-2018-07-2945     GALLAGHER, PAUL     07/17/2018 14:57:35 PM     CMCO     *Page 1 of 16*

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY
## STATE OF OHIO

| | |
|---|---|
| KEVIN DARAGO<br>1868 Lancaster Street<br>Cuyahoga Falls, Ohio 44221, | ) ) ) ) | Case No. _____ |
|             Plaintiff, | ) | Judge: _____ |

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, Ohio 44221,

            Plaintiff,

       -vs.-

LIVE NATION ENTERTAINMENT, INC.
c/o Corporation Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, California 93301,

       and

VIKING WIZARD EYES, LLC
c/o Bo Gardner, Statutory Agent
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405,

       and

MARK HOPPUS
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405,

       and

TRAVIS BARKER
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405,

       and

MATT SKIBA
c/o Viking Wizard Eyes, LLC
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405,

       and

Case No. _____

Judge: _____

COMPLAINT:

1.    Negligence

2.    Negligent Hiring, Training
      and Supervision

3.    Vicarious Liability/*Respondeat
      Superior*

4.    Declaratory Judgment

JURY DEMAND ENDORSED HEREON



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-1-

JAMES GRANT GROUP LTD )
9000 Sunset Boulevard, #1000 )
Los Angeles, California 90069, )
)
and )
)
DECKSTER )
c/o Kevin Wolff )
9100 Wilshire Boulevard )
Beverly Hills, California 90212, )
)
and )
)
OHIO BUREAU OF WORKERS' )
COMPENSATION )
30 West Spring Street )
Columbus, Ohio 43215, )
)
and )
)
JOHN DOES 1-10, JANE DOES 1-10, )
DOE PARTNERSHIPS 1-10, DOE )
CORPORATIONS 1-10, DOE )
GOVERNMENTAL AGENCIES 1-10 and )
DOE ENTITIES 1-10, )
)
Defendants. )
)
_____)

Now comes, KEVIN DARAGO, Plaintiff herein, by and through his attorney, Robert C.

Meeker, of Blakemore, Meeker & Bowler Co., L.P.A., and hereby complains against LIVE

NATION ENTERTAINMENT, INC., VIKING WIZARD EYES, LLC, MARK HOPPUS, MATT

SKIBA, TRAVIS BARKER, JAMES GRANT GROUP LTD, DECKSTER, OHIO BUREAU OF

WORKERS' COMPENSATION, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS

1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL AGENCIES 1-10 and DOE

ENTITIES 1-10, names unknown, collectively as Defendants herein, as follows:



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-2-

A.     PARTIES

1.     During all relevant times herein, Plaintiff was a resident of Summit County, Ohio, whose address is 1868 Lancaster Street, Cuyahoga Falls, Ohio 44221.

2.     During all relevant times herein, Defendant VIKING WIZARD EYE, LLC ("Viking") was a California entity, whose address is 2850 Ocean Park Boulevard, Suite 300, Santa Monica, California 90405.

3.     During all relevant times herein, Defendant MARK HOPPUS ("Hoppus") maintained and/or operated a business, located at 2850 Ocean Park Boulevard, Suite 300, Santa Monica, California 90405.

4.     During all relevant times herein, Defendant TRAVIS BARKER ("Barker") maintained and/or operated a business, located at 2850 Ocean Park Boulevard, Suite 300, Santa Monica, California 90405.

5.     During all relevant times herein, Defendant MATT SKIBA ("Skiba") was an individual doing business in Santa Monica California, whose address is 2850 Ocean Park Boulevard, Suite 300, Santa Monica, California 90405.

6.     During all relevant times herein, Defendant JAMES GRANT GROUP LTD ("Group Ltd") was, and is, a California entity, that maintained and/or operated a business at 2850 Ocean Park Boulevard, Suite 300, Santa Monica, California 90405.

7.     During all relevant times herein, Defendant DECKSTER was a California entity, that maintained and/or operated a business in or around Beverly Hills, California, which maintains an address at c/o Kevin Wolff, 9100 Wilshire Boulevard, Beverly Hills, California 90212.

8.     During all relevant times herein, Defendant OHIO BUREAU OF WORKERS'



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-3-

COMPENSATION ("BWC") was an agency that regularly provides employee benefits for injuries sustained in the course and scope of employment throughout the State of Ohio, including Summit County, Ohio, whose address is 30 West Spring Street, Columbus, Ohio 43215.

9.     During all relevant times herein, Defendant Does were, and are, individuals, persons, corporations, partnerships, governmental agencies and entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff(s), or his/her/its/their attorney(s), and could not discover said names who in some manner may be liable to Plaintiff(s), contractually, vicariously, tortiously, jointly and/or severally, arising from the events described herein. Plaintiff(s) will be obtaining updated reports, as to identity, liability, existence of additional claims and/or causes of action or otherwise, in connection with or in addition to the claim or claims herein. Plaintiff(s) reserve(s) the right to plead Defendant Does as party defendant(s) and/or plead additional claim(s) to this action once their identities, capacities, activities, liabilities and claims or causes of action become known.

10.     During all relevant times herein, Defendants maintained a presence in Summit County, State of Ohio, actual, physical, and/or through their respective agents, employees, representatives, members, directors or officers.

B.     PRELIMINARY STATEMENT

11.     Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

12.     During all relevant times herein, all transactions and occurrences occurred, in whole or in part, in Summit County, Ohio.

13.     During all relevant times herein, Plaintiff was employed by C and C WD Studio



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-4-

Productions LLC ("C and C") on a part time basis. C and C was in the business of providing staff members to venues, where musical groups and bands performed.

14.     During all relevant times herein, Plaintiff was gainfully employed, full time, as a Senior Staff Accountant at Coleman Professional Services.

15.     Plaintiff was not employed by any of the named Defendants in this action.

16.     Upon information and belief, Defendant Viking was an entity created under the laws of the State of California, whose members included Defendants Hoppus and Barker and which was in the business of providing entertainment services.

17.     In addition to its entertainment services, Defendant Viking was also doing business as blink-182, a musical band that played pop-punk rock music; as a band, blink-182 would travel throughout the United States and perform at selected venues, including Blossom Music Center, located at 1145 West Steels Corners Road, Cuyahoga Falls, Ohio 44223.

18.     The band members of blink-182 included Defendant Hoppus, Defendant Barker and Defendant Skiba.

19.     Blossom Music Center ("Blossom") is an entertainment venue, which includes Pavilion seating and lawn seating. As a policy, Blossom does not allow crowd surfing and moshing by patrons.

20.     The Pavilion accommodates over 6,000 seated patrons, while the lawn accommodates over 17,000 general admission patrons.

21.     Upon information and belief, Defendant Live Nation was an entity that arranged musical performances at Blossom, including promoting musical groups and bands.

22.     Upon information and belief, Defendant Group Ltd was the management company



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-5-

that managed blink-182.

23.    Upon information and belief, Defendant Deckster was the manager which oversaw the operations and/or performances of blink-182.

24.    These named Defendants, collectively and in concert, did promote, arrange, manage and operate concerts at venues, where blink-182 would perform, including a requirement that there be a standing room only area for some patrons.

25.    Defendants collectively, and in concert, arranged an appearance by blink-182 for the purpose of performing a concert at Blossom to be held on or about August 9, 2016.

26.    The concert was attended by approximately 20,000 patrons, which would include largely the 20's and 30's age group, who would be served and consume alcoholic beverages.

27.    Below are examples of how Blossom appeared when an event is held, with patrons on the lawn and in the Pavilion.





BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-6-



28.    In addition, Defendants' employees, agents, representatives, managers and officers did attend the concert to oversee and manage the concert, as blink-182 performed.

29.    On August 9, 2016, the blink-182 concert was held at Blossom and was attended by approximately 20,000 patrons.   Alcohol was served and consumed at the concert.   Below is a depiction of the crowd in the pit at the event on August 9, 2016.




BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-7-

CV-2018-07-2945
GALLAGHER, PAUL          07/17/2018 14:57:35 PM          CMCO

30.     Also, on August 9, 2016, C and C provided event staff, which included crowd management members, including Plaintiff.

31.     Before the concert, Defendants, collectively, arranged, or caused to be arranged, the seating and standing areas of the Pavilion.   Below is a diagram of the Pavilion.



32.     The Pavilion contains a pit area, identified as "Pit GA" in said diagram.

33.     On August 9, 2016, the pit area was arranged in which a standing room only area was created, as required by Defendants, to accommodate approximately 600 patrons.

34.     Within the pit area, adjacent to the stage, a strip area, or an aisle, was created between the standing room only area and the stage; this aisle, which ran along the entire front edge of the stage, was barricaded with four-foot metal fencing, bordering the standing room only area, to prevent patrons from accessing the stage.

35.     Prior to the concert, a meeting was held in which Defendants, despite Blossom's prohibition, instructed the crowd management members and other staff members to allow patrons to "crowd surf" and "mosh," because Defendants wanted the patrons to "have fun."



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-8-

36.     Crowd surfing involves lifting and passing around a patron overhead by other patrons during a rock concert.  It occurs in an area near the stage, where patrons stand to watch the concert.

37.     Moshing involves uninhibited, often frenzied, activities, such as intentional collision, with others near the stage at a rock concert.

38.     Below are examples of "crowd surfing" and "moshing."







BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-9-

CV-2018-07-2945    GALLAGHER, PAUL    07/17/2018 14:57:35 PM    CMCO    Page 10 of 16

39.     On August 9, 2016, the patrons arrived at Blossom and entered the gates.  At the gates, a video and/or audio was being played and/or broadcasted over a PA system, providing information to patrons as they entered.  The information included Blossom's prohibition of crowd surfing and moshing.

40.     Included among the patrons were a number of the 20's and 30's age group.

41.     Similarly, on August 9, 2016, the crowd management members, including Plaintiff, took their places in the aisle, within the barricaded area.

42.     bink-182 then came out onto the stage and performed.

43.     During the performance, several patrons began to crowd surf in the standing room only area.  Crowd surfers would be passed around overhead by other patrons in the standing room only area and passed toward the barricaded area.  When a crowd surfer reached the barricaded area, crowd management members would assist the patron down to the floor.  The patron would then be escorted back to the pit area.

44.     Upon information or belief, one of the patron surfers was a female wearing tennis shoes.  The female patron was passed around overhead in the standing room only area and towards the barricaded area.  When the female patron reached the barricaded area, a crowd management member assisted the patron, and she was escorted out of the barricaded area accordingly.  The female patron crowd surfed on several occasions.  On one occasion, as the female patron approached the barricaded area, with feet first, she began kicking as she was being helped down to the floor.  In doing so, as Plaintiff supported the crowd management member, the female patron's foot struck Plaintiff's left eye, causing Plaintiff to suffer permanent eye damage, including permanent loss of sight.



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-10-

45.     On September 29, 2018, Plaintiff was terminated from his employment with Coleman Professional Services, as a result of the loss of his eye sight, resulting in his inability to perform his accounting duties properly.

C.     CAUSE(S) OF ACTION

<div align="center">

**Count One**
[Negligence]

</div>

46.     Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

47.     During all relevant times herein, Defendants, collectively, owed a duty of ordinary care to Plaintiff.

48.     As part of their duty, Defendants were required to maintain a safe work area and environment at Blossom during the blink-182 concert on August 9, 2016. This duty to keep safe was not only for the safety of their employees, but also for the employees of other entities, including the entity who employed Plaintiff.

49.     Further, Defendants had a duty to comply with the safety policies of Blossom, including prohibiting moshing and crowd surfing at events.

50.     Defendants, collectively, breached their ordinary duty of care when they permitted moshing and crowd surfing during the concert, in violation of Blossom's safety policy.

51.     As a result of Defendants' acts and/or omissions, Plaintiff suffered great bodily harm, including injuries to his left eye, the loss of his eye sight, pain and suffering and emotional distress.

52.     Defendants knew or should have known that by allowing the patrons to mosh and crowd surf would create a dangerous condition of the premises in which Plaintiff was to perform his duties, which could, and did, directly and proximately cause Plaintiff to suffer severe personal



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

<div align="center">

-11-

</div>

injuries and the eventual loss of his employment.

53.    As a result, Plaintiff suffered damages in excess of $25,000.00, the true amount of which shall be proven in court.

### Count Two
[Negligent Hiring, Training and Supervision]

54.    Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

55.    During all relevant times herein, Defendants maintained an employer-employee and/or principal-agent relationship with their respective employees and/or agents.

56.    During all relevant times herein, Defendants had a duty to hire qualified employees, agents, managers and officers and properly train and supervise the same in their designated or assigned duties and responsibilities.

57.    During all relevant times herein, Defendants knew, or should have known, that moshing and crowd surfing were prohibited conduct at Blossom.

58.    Said Defendants, through their respective managers, officers and other management personnel and rank and filed employees, also knew, or should have known, that moshing and crowd surfing were being allowed at Blossom during the concert on August 9, 2016.

59.    Defendants knew, or should have known, that unqualified and/or improperly trained and supervised managers, officers and other management personnel and rank and file employees would cause injuries to crowd control staff members, including Plaintiff.

60.    Defendants breached their duty of ordinary care in hiring unqualified and improperly training and supervising managers, officers, other management personnel and rank and file employees, when, despite their prohibition, said personnel allowed moshing and crowd surfing



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-12-

during the blink-182 concert.

61.     Defendants knew, or should have known, that their acts and omissions would, and, in this case, did, cause injuries to other staff members, including crown management members, such as Plaintiff.

62.     As such, Defendants' breaches of their duty of care were negligence, which directly and proximately caused Plaintiff to suffer great bodily harm, pain and suffering and emotional distress and the eventual loss of his employment.

63.     As a result, Plaintiff suffered, and continues to suffer, damages in excess of $25,000.00, the true amount of which shall be proven in court.

<div align="center">

**Count Three**
[Vicarious Liability/*Respondeat Superior*]

</div>

64.     Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

65.     During all relevant times herein, Defendants' respective managers, officers and other management personnel and rank and file employees were employees and/or agents of Defendants.

66.     As employers and/or principals, the acts and omissions of the respective managers, officers and other management personnel and rank and file employees were the acts and omissions of Defendants, as they were committed in the course and scope of their respective employment and/or agency with said Defendants.

67.     As such, Defendants are vicariously liable for the acts and omissions of their respective managers, officers and other management personnel and rank and file employees under the theory of *respondeat superior*.

68.     Defendants are liable for the damages suffered by, and continued to be suffered by,



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

<div align="center">

-13-

</div>

Plaintiff in excess of $25,000.00, the true amount of which shall be proven in court.

**Count Four**
[Declaratory Judgment]

69.    Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

70.    This action, in part, is being brought pursuant to Rule 57, Declaratory Judgments, of the Ohio Rules of Civil Procedure (Civ.R.), and Chapter 2721, Declaratory Judgments, of the Ohio Revised Code (R.C.).

71.    This Court has jurisdiction over Plaintiff's claim for declaratory relief, pursuant to R.C. Chapters 1907 and 2721 and Civ.R. 8, on the ground that, *inter alia*, the monetary amount exceed the sum of $25,000.00.

72.    Upon information and belief, Defendant BWC has provided benefits for and on behalf of Plaintiff as a result of injuries sustained by him in the course and scope of his employment with C and C.

73.    Upon information and belief, Defendant BWC claims to have a subrogated interest or right of reimbursement in this matter by virtue of providing such benefits.

74.    Plaintiff seek a declaration determining the rights and obligations of Plaintiff and Defendant BWC regarding the benefits conferred for and on behalf of Plaintiff, including coverage under R.C. Chapter 4123.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A.    That, as to Count One, the Court grants in favor of Plaintiff against Defendants, jointly and severally, in excess of $25,000.00, as to each Defendant;

B.    That, as to Count Two, the Court grants in favor of Plaintiff against Defendants,



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-14-

jointly and severally, in excess of $25,000.00, as to each Defendant;

     C.    That, as to Count Three, the Court grants in favor of Plaintiff against Defendants, jointly and severally, in excess of $25,000.00, as to each Defendant;

     D.    That, as to Count Four, the Court adjudicates and declares the rights of Plaintiff and Defendant BWC;

     E.    That the Court grants damages and relief in favor of Plaintiff against Defendants Plaintiff's costs and expenses incurred, including, but not limited to, court costs, interest, loss of income, other losses and reasonable attorney fees; and

     F.    That the Court grants further relief and damages in favor of Plaintiff against Defendants as the Court deems reasonable and proper in the premises.

     Dated: Akron, Ohio, July 17, 2018.

                   Respectfully submitted,

                   */s/ Robert C. Meeker*
                   ROBERT C. MEEKER (#0013019)
                   Blakemore, Meeker & Bowler Co., L.P.A.
                   495 Portage Lakes Drive
                   Akron, Ohio 44319
                   330-253-3337 [voice]
                   330-253-4131 [facsimile]

                   Attorney for Plaintiff
                   KEVIN DARAGO



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

### JURY DEMAND ENDORSED HEREON

Now comes, Plaintiff(s), by and through his attorney, Robert C. Meeker, of Blakemore, Meeker and Bowler Co., L.P.A., and hereby demands a trial by jury of all issues and fact so triable in this action.

Dated: Akron, Ohio, July 17, 2018.

Respectfully submitted,

/s/ Robert C. Meeker
ROBERT C. MEEKER (#0013019)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]

Attorney for Plaintiff
KEVIN DARAGO



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-16-

CV-2018-07-2945        GALLAGHER, PAUL        07/17/2018 14:57:35 PM        INST        Page 1 of 2



### Summit County Court of Common Pleas
### Civil Division

Print Form

Reset Form

**Instructions:** Complete the following form and file with the Summit County Clerk of Courts - Civil Divsion, located at: 205 South High Street, 1st Floor, Akron, Ohio 44308.

---

**Case Caption:**

KEVIN DARAGO

Plaintiff

v.                                    Case Number _____

LIVE NATION ENTERTAINMENT, INC.,

Defendant                             **INSTRUCTIONS FOR SERVICE**

---

**To Clerk:** You are hereby requestd to make service upon the following by:

- [x] FedEx
- [ ] Certified Mail
- [ ] Regular Mail
- [ ] Sheriff Service (Personal)
- [ ] Sheriff Service (Personal or Residential)
- [ ] Personal Service Process Server: _____

**Please Serve the following pleadings:** Summons and Complaint

---

**Parties to be served:**

Name: Live Nation Entertainment, Inc.
Address  c/o Corporation Creations Network, Inc.
Address  1430 Truxtun Avenue, 5th Floor
City  Bakersfield   State CA   Zip 93301

Name: Viking Wizard Eyes, LLC
Address  c/o Bo Gardner, Statutory Agent
Address  2850 Ocean Park Boulevard, Suite 300
City  Santa Monica   State CA   Zip 90405

Name: Mark Hoppus
Address  2850 Ocean Park Boulevard, Suite 300
Address
City  Santa Monica   State CA   Zip 90405

Name: Travis Barker
Address  2850 Ocean Park Boulevard, Suite 300
Address
City  Santa Monica   State CA   Zip 90405

s/ Robert C. Meeker                         0013019

Attorney for Plaintiff (or pro se litigant)    Supreme Ct #

CV Form 014                                                          Rev 1.1 20131002-08/17

*Sandra Kurt, Summit County Clerk of Courts*

CV-2018-07-2945     GALLAGHER, PAUL     07/17/2018 14:57:35 PM     INST     *Page 2 of 2*



**Summit County Court of Common Pleas**
**Civil Division**





**Instructions:** Complete the following form and file with the Summit County Clerk of Courts – Civil Divsion, located at: 205 South High Street, 1st Floor, Akron, Ohio 44308.

| Case Caption: | | |
|---|---|---|
| KEVIN DARAGO | | |
| Plaintiff | | |
| | v. | Case Number _____ |
| LIVE NATION ENTERTAINMENT, INC., | | |
| Defendant | | **INSTRUCTIONS FOR SERVICE** |

**To Clerk:** You are hereby requestd to make service upon the following by:

- [X] FedEx
- [ ] Certified Mail
- [ ] Regular Mail
- [ ] Sheriff Service (Personal)
- [ ] Sheriff Service (Personal or Residential)
- [ ] Personal Service Process Server: _____

**Please Serve the following pleadings:**    Summons and Complaint

**Parties to be served:**

Name: Matt Skiba
Address   c/o Viking Wizard Eyes, LLC
Address   2850 Ocean Park Boulevard, Suite 300
City   Santa Monica    State CA    Zip 90405

Name: James Grant Group LTD
Address   9000 Sunset Boulevard, #1000
Address
City   Los Angeles    State CA    Zip 90069

Name: Deckster
Address   c/o Kevin Wolff
Address   9100 Wilshire Boulevard
City   Beverly Hills    State CA    Zip 90212

Name: Ohio Bureau of Workers' Compensation
Address   30 West Spring Street
Address
City   Columbus    State OH    Zip 43215

s/ Robert C. Meeker        0013019
Attorney for Plaintiff (or pro se litigant)    Supreme Ct #

CV Form 014                                                Rev 1.1 20131002-08/17

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:  CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                           **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

DECKSTER
9100 Wilshire Blvd
C/O KEVIN WOLFF
Beverly Hills, CA   90212

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

July 18, 2018

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:  CV-2018-07-2945


KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                    **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301


**TO the following:**

JAMES GRANT GROUP LTD
9000 Sunset Blvd #1000
Los Angeles, CA   90069

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH


**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**


Sandra Kurt
Summit County Clerk of Courts


July 18, 2018

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:   CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                              **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield, CA   93301

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

July 18, 2018

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:  CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                    **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

MARK HOPPUS
2850 Ocean Park Blvd Ste 300
Santa Monica, CA   90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

July 18, 2018

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:   CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                                    **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

MATT SKIBA
2850 Ocean Park Blvd Ste 300
C/O VIKING WIZARD EYES LLC
Santa Monica, CA   90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

July 18, 2018

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:   CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                                    **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,  CA  93301

**TO the following:**

OHIO BUREAU OF WORKERS' COMPENSATION
30 West Spring Street
Columbus, OH  43215

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

July 18, 2018

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:    CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                              **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

TRAVIS BARKER
2850 Ocean Park Blvd Ste 300
Santa Monica, CA   90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

July 18, 2018

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:    CV-2018-07-2945


KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                          **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORP CREATIONS NETWORK INC
Bakersfield,   CA   93301


**TO the following:**

VIKING WIZARD EYES, LLC
2850 Ocean Park Blvd Ste 300
C/O BO GARDNER, STATUTORY AGENT
Santa Monica, CA   90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH


**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**


Sandra Kurt
Summit County Clerk of Courts


July 18, 2018

CV-2018-07-2945          GALLAGHER, PAUL          08/10/2018 22:57:15 PM          DANS

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEVIN DARAGO, | ) Case No.: CV-2018-07-2945 |
| Plaintiff, | ) Judge Paul Gallagher |
| vs. | ) **ANSWER OF OHIO BUREAU OF WORKERS' COMPENSATION** |
| LIVE NATION ENTERTAINMENT, INC, et al., | ) (BWC No. 16-336856) (BWC Ref. No. BWS-5843) |
| Defendants. | ) |

Defendant, Ohio Bureau of Workers' Compensation ("BWC"), by and through the Ohio Attorney General acting through Special Counsel duly appointed as provided in section 109.08 of the Ohio Revised code, answers the numbered paragraphs of Plaintiff's Complaint as follows:

1. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 1 of the Complaint.

2. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 2 of the Complaint.

3. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 3 of the Complaint.

4. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 4 of the Complaint.

5. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 5 of the Complaint.

6. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 6 of the Complaint.

7. The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 7 of the Complaint.

8. Admitted.

1

9.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 9 of the Complaint.

10.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 10 of the Complaint.

11.      The BWC restates the foregoing responses, as if fully re-stated herein.

12.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 12 of the Complaint.

13.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 13 of the Complaint.

14.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 14 of the Complaint.

15.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 15 of the Complaint.

16.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 16 of the Complaint.

17.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 17 of the Complaint.

18.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 18 of the Complaint.

19.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 19 of the Complaint.

20.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 20 of the Complaint.

21.      The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 21 of the Complaint.

22.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 22 of the Complaint.

23.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 23 of the Complaint.

24.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 24 of the Complaint.

25.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 25 of the Complaint.

26.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 26 of the Complaint.

27.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 27 of the Complaint.

28.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 28 of the Complaint.

29.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 29 of the Complaint.

30.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 30 of the Complaint.

31.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 31 of the Complaint

32.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 32 of the Complaint.

33.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 33 of the Complaint.

3

34.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 34 of the Complaint.

35.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 35 of the Complaint.

36.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 36 of the Complaint.

37.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 37 of the Complaint.

38.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 38 of the Complaint.

39.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 39 of the Complaint.

40.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 40 of the Complaint.

41.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 41 of the Complaint.

42.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 42 of the Complaint.

43.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 43 of the Complaint.

44.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 44 of the Complaint.

45.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 45 of the Complaint.

4

## COUNT I

46.    The BWC restates the foregoing responses, as if fully re-stated herein.

47.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 47 of the Complaint.

48.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 48 of the Complaint.

49.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of paragraph 49 of the Complaint.

50.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 50 of the Complaint.

51.    The BWC admits that Plaintiff suffered injury. The lacks sufficient information to form a basis as to the truth or falsity of the remaining allegations of Paragraph 51 of the Complaint.

52.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 52 of the Complaint.

53.    The BWC admits that Plaintiff suffered damages. The lacks sufficient information to form a basis as to the truth or falsity of the remaining allegations of Paragraph 52 of the Complaint.

## COUNT II

54.    The BWC restates the foregoing responses, as if fully re-stated herein.

55.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 55 of the Complaint.

56.    The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 56 of the Complaint.

5

57.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 57 of the Complaint.

58.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 58 of the Complaint.

59.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 59 of the Complaint.

60.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 60 of the Complaint.

61.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 61 of the Complaint.

62.　The BWC admits that the Plaintiff suffered bodily harm.  The BWC lacks sufficient information to form a basis as to the truth or falsity of the remaining allegations of Paragraph 62 of the Complaint.

63.　The BWC admits that the Plaintiff suffered damages.  The BWC lacks sufficient information to form a basis as to the truth or falsity of the remaining allegations of Paragraph 63 of the Complaint.

**COUNT III**

64.　The BWC restates the foregoing responses, as if fully re-stated herein.

65.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 65 of the Complaint.

66.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 66 of the Complaint.

67.　The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 67 of the Complaint.

6

68.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 68 of the Complaint.

### COUNT IV

69.     The BWC restates the foregoing responses, as if fully re-stated herein.

70.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 70 of the Complaint.

71.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 71 of the Complaint.

72.     Admitted.

73.     Admitted.

74.     The BWC lacks sufficient information to form a basis as to the truth or falsity of the allegations of Paragraph 74 of the Complaint.

WHEREFORE, the BWC, as statutory subrogee pursuant to O.R.C. §4123.93 *et seq.*, requests that its liens be accorded their rightful priority. As of July 31, 2018, said liens total **$35,130.55** (which includes $535,130.55 in medical payments and $0.00 in compensation); pursuant to O.R.C. §4123.93(D), the BWC also asserts a claim for estimated future costs of the Plaintiff's claim, which are calculated as of July 31, 2018 at **$65,039.84**, but which may increase, and which constitute additional sums to which the BWC is entitled and to which it has a subrogation interest.

Respectfully Submitted,

**MIKE DEWINE, OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH 44512
(330) 782-1954 (voice) - (330) 266-7489 (fax)
EdwardSaadi@aol.com

7

## CERTIFICATE OF SERVICE

A copy of the foregoing **ANSWER OF OHIO BUREAU OF WORKERS' COMPENSATION** was served this 10 day of August, 2018 by ordinary U.S. mail, postage prepaid to:

ROBERT C. MEEKER, ESQ.
BLAKEMORE, MEEKER & BOWLER
495 PORTAGE LAKES DRIVE
AKRON, OH 44319

LIVE NATION ENTERTAINMENT, INC.
C/O CORPORATION CREATIONS NETWORK, INC.
1430 TRUXTUN AVENUE, 5TH FLOOR
BAKERSFIELD, CA 93301

VIKING WIZARD EYES, LLC
C/O BO GARDNER, STAT. AGENT
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MARK HOPPUS
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

TRAVIS BARKER
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MATT SKIBA
C/O VIKING WIZARD EYES, LLC
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

JAMES GRANT GROUP LTD.
9000 SUNSET BLVD. #1000
LOS ANGELES, CA 90069

DECKSTER
C/O KEVIN WOLFF
9100 WILSHIRE BLVD.
BEVERLY HILLS, CA 90212

**MIKE DEWINE, OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH 44512
(330) 782-1954 - (330) 266-7489 (fax)

8

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY OHIO

KEVIN DARAGO,

_____          CASE NO: _____          CV-2018-07-2945

    Plaintiff

                                                        Gallagher

        VS          JUDGE: _____

Live Nation Entertainment, Inc., et al.

_____

    Defendants

                              NOTICE OF APPEARANCE ON BEHALF OF
                              GOVERNMENT AGENCY

                          EDWARD T. SAADI
The Court shall take notice that _____,

Attorney, enters an appearance as counsel of record for _____ BWC _____

_____

Please address all Notices, Rulings, and Correspondence etc. to the undersigned.

                                    /s/ Edward T. Saadi
                          _____
                          (Attorney name)
                          970 Windham Court
                          _____
                          (Address line 1)
                          Suite 7
                          _____
                          (Address line 2)
                          Boardman, OH  44512
                          _____
                          (City, state, zip)
                          330-782-1954
                          _____
                          (Telephone)
                          EdwardSaadi@aol.com
                          _____
                          (email)

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

KEVIN DARAGO,

    Plaintiff,

    vs.

LIVE NATION ENTERTAINMENT, INC, et al.,

    Defendants.

) Case No.: CV-2018-07-2945
)
) Judge Paul Gallagher
)
) **MOTION OF OHIO BUREAU OF**
) **WORKERS' COMPENSATION FOR**
) **REALIGNMENT OF THE PARTIES**
)
) (BWC No. 16-336856)
) (BWC Ref. No. BWS-5843)
)

Defendant, Ohio Bureau of Workers' Compensation ("BWC"), by and through the Ohio Attorney General acting through Special Counsel duly appointed as provided in section 109.08 of the Ohio Revised code, and pursuant to Rule 21 of the Ohio Rules of Civil Procedure, moves this Court for an Order realigning it as a named party plaintiff in this action. The grounds supporting this motion are set forth in the accompanying memorandum.

Respectfully Submitted,

**MIKE DEWINE**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Court., Suite 7
Boardman, OH 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

1

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION.

This lawsuit arises out of injuries sustained by Plaintiff Kevin Darago as a result of an accident allegedly caused by the actions of a named third-party tortfeasor, on or about August 9, 2016, in Summit County, Ohio.  At this time of the accident, Mr. Darago was in the course and scope of his employment.  As a result of his injuries, Darago filed a claim for workers' compensation benefits with the Ohio Bureau of Workers' Compensation ("BWC") which was assigned claim no. 16-336856.  As of Just 31, 2018, the BWC has paid a total of $35,130.55 (which includes $35,130.55 in medical payments and $0.00 in compensation).  In addition, the BWC is entitled to estimated future costs of the claim, which are calculated as of July 31, 2018 at $65,039.84, but which may increase.

Ohio Revised Code sections 4123.93 and 4123.931 create an independent right of recovery in favor of a statutory subrogee, in this case the BWC, against a third party who is or may be liable to the Plaintiff for his injuries.  As Kevin Darago's workers' compensation benefits provider at the time of his accident on August 9, 2016, the BWC's interests in this lawsuit are aligned with those of Plaintiff Kevin Darago, not with the named Defendants.  As such, the BWC should be denominated as a plaintiff, not as a defendant.

### II.  THE BUREAU SHOULD BE REALIGNED AS A PARTY PLAINTIFF.

Rule 21 of the Ohio Rules of Civil Procedure addresses the misjoinder and non-joinder of parties.  While not specifically stated in the rule itself, the Court has the power pursuant to Rule 21 to realign a party defendant as a plaintiff when the interests of the nominal defendant and the plaintiff coincide.

In *New Artesian CR/PL v. Ohio Mini-Melt*, Stark County App. No. 98-CA-0004, 1998 Ohio App. LEXIS 3108 (Ohio Ct. App., Stark County June 15, 1998), the Stark County

2

Common Pleas Court granted a self-insuring employer's motion to realign it as a party-plaintiff in a third-party tortfeasor case under the previous version of Ohio's workers' compensation subrogation statute. The self-insuring employer was the subrogee and participated as a "party plaintiff" throughout the litigation.

In the present case, the BWC is a party to the case because it is a subrogee to Darago's claims in tort against the named defendants. A cursory review of the Plaintiff's Complaint reveals that the BWC should not be listed as a defendant. Plaintiff's claims are directed solely at the named defendants, and not against the BWC. Because the BWC and the Plaintiff have similar interests, realignment of the parties is appropriate. The BWC is attaching a copy of its proposed Judgment Entry ordering realignment of the parties and its proposed Complaint as a named party plaintiff as Exhibits to this motion.

## III.  COMPLAINT.

For the foregoing reasons, Defendant Ohio Bureau of Workers' Compensation's Motion for an Order realigning the parties and allowing the BWC to file its Complaint as a named party plaintiff should be granted.

Respectfully Submitted,
**MIKE DEWINE,**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
As Special Counsel for the Ohio Attorney General
970 Windham Ct., Ste 7
Boardman, OH 44512
(330) 782-1954; (330) 266-7489 (fax)
EdwardSaadi@aol.com

3

## CERTIFICATE OF SERVICE

A copy of the foregoing **MOTION OF OHIO BUREAU OF WORKERS' COMPENSATION FOR REALIGNMENT OF THE PARTIES** was served this 15 day of August, 2018 by ordinary United States mail, postage prepaid to:

ROBERT C. MEEKER, ESQ.
BLAKEMORE, MEEKER & BOWLER
495 PORTAGE LAKES DRIVE
AKRON, OH 44319

LIVE NATION ENTERTAINMENT, INC.
C/O CORPORATION CREATIONS NETWORK, INC.
1430 TRUXTUN AVENUE, 5TH FLOOR
BAKERSFIELD, CA 93301

VIKING WIZARD EYES, LLC
C/O BO GARDNER, STAT. AGENT
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MARK HOPPUS
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

TRAVIS BARKER
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MATT SKIBA
C/O VIKING WIZARD EYES, LLC
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

JAMES GRANT GROUP LTD.
9000 SUNSET BLVD. #1000
LOS ANGELES, CA 90069

DECKSTER
C/O KEVIN WOLFF
9100 WILSHIRE BLVD.
BEVERLY HILLS, CA 90212

**MIKE DEWINE**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Court., Suite 7
Boardman, OH 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

4

# IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH  44221

and

OHIO BUREAU OF WORKERS'
COMPENSATION
30 W. Spring St.
Columbus, OH  43215,

     Plaintiffs,

     vs.

Live Nation Entertainment, Inc.
c/o corporation creations network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA  93301

and

Viking Wizard Eyes, LLC
c/o Bo Gardner, Stat. Agent
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

Mark Hoppus
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

Travis Barker
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

Case No.: CV-2018-07-2945

Judge Paul Gallagher

**[PROPOSED] COMPLAINT OF NEW
PARTY PLAINTIFF OHIO BUREAU OF
WORKERS' COMPENSATION**

(BWC No. 16-336856)
(BWC Ref. No. BWS-5843)

5

Matt Skiba )
c/o Viking Wizard Eyes, LLC )
2850 Ocean Park Blvd., Suite 300 )
Santa Monica, CA  90405 )
)
and )
)
James Grant Group Ltd. )
9000 Sunset Blvd. #1000 )
Los Angeles, CA  90069 )
)
and )
)
DECKSTER )
c/o Kevin Wolff )
9100 Wilshire Blvd. )
Beverly Hills, CA  90212 )
)
      Defendants. )
)

_____

      Plaintiff, Ohio Bureau of Workers' Compensation ("BWC"), by and through the Ohio

Attorney General acting through Special Counsel duly appointed as provided in section 109.08

of the Ohio Revised Code, and states as follows:

      1.     As a result of the injuries alleged in the Complaint, the BWC has paid to Plaintiff,

as of July 31, 2018, a total of $35,130.55 (which includes $35,130.55 in medical payments and

$0.00 in compensation).  In addition, the BWC is entitled to estimated future costs of the claim,

which are calculated as of July 31, 2018 at $65,039.84.  The BWC is also entitled to additional

sums paid to or on behalf of the Plaintiff during the pendency of this action.

      2.     R.C. §4123.93 and §4123.931 provide that the BWC has an independent right of

recovery and is subrogated to the Plaintiff's rights against the Defendant with respect to past,

present, and estimated future payments of compensation, medical benefits, rehabilitation costs,

and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC.

6

3.    R.C. §4123.93 and §4123.931 of the Ohio Revised Code are constitutional under both the Ohio Constitution and the United States Constitution.

4.    R.C. §4123.93 and §4123.931 entitle the BWC to recover amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC, including any estimated future payments, out of any funds paid by Defendants to Plaintiff in settlement, compromise, judgment, award, or other recovery of this claim.

WHEREFORE, the BWC demands judgment on its Complaint against the Defendants in the amount of $100,170.39 for medical and compensation benefits paid plus the estimated future costs of this claim, plus any additional amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC during the pendency of this proceeding, plus costs.

Respectfully Submitted,

**MIKE DEWINE**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH  44512
(330) 782-1954 (office); (330) 266-7489 (fax)
EdwardSaadi@aol.com

7

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF APPEARANCE** |
| LIVE NATION ENTERTAINMENT, | ) | |
| INC., et al | ) | |
| | ) | |
| Defendants. | ) | |

John B. Stalzer, of Reminger Co., L.P.A., enters an appearance as counsel for
Defendants Mark Hoppus, Travis Barker and Matt Skiba.   Please forward all future
correspondence, notices, pleadings, etc. to John B. Stalzer, Reminger Co., L.P.A., 101 West
Prospect Avenue, Suite 1400, Cleveland, Ohio 44115-1093.

Respectfully submitted:

_/s/John B. Stalzer_
JOHN B. STALZER (0074371)
STEPHAN KREMER (0061473)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, OH  44115-1093
Phone:  216/687-1311; Fax:  216/430-2278
Email: jstalzer@reminger.com;
skremer@reminger.com
Attorneys for Defendants Hoppus, Barker, and
Skiba

## CERTIFICATE OF SERVICE

The foregoing Notice of Appearance was electronically filed this this 20th day of August, 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

_/s/ John B. Stalzer_
JOHN B. STALZER (0074371)

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEVIN DARAGO ) CASE NO. CV-2018-07-2945
)
    Plaintiff, ) JUDGE PAUL GALLAGHER
)
v. )
) **FIRST LEAVE TO PLEAD BY**
) **CERTIFICATION PER LOCAL**
LIVE NATION ENTERTAINMENT, ) **RULE 7.13(A) BY DEFENDANTS**
INC., et al ) **MARK HOPPUS, TRAVIS BARKER,**
) **AND MATT SKIBA**
    Defendants. )

    Defendants Mark Hoppus, Travis Barker, and Matt Skiba, in accordance with Local

Rule 7.13(A) desires a leave to plead of 21 days until September 7, 2018.  Local Rule 7.13(A)

states:

> When no previous leave to plead has been taken, a party may
> obtain one automatic leave to plead by filing a certification
> stating that no previous extensions or leaves to plead have
> been obtained by that party in that particular case. Such leave
> to plead may not be for more than twenty-one (21) days, and
> a copy of the certification must be served upon opposing
> counsel.

No previous leave to plead has been taken.  Defendants certify that no previous extensions

or leaves to plead have been obtained.  Therefore, Defendants will file their Answer or

otherwise plead on or before September 7, 2018.

                              Respectfully submitted:

                              */s/John B. Stalzer*
                              JOHN B. STALZER (0074371)
                              STEPHAN KREMER (0061473)
                              REMINGER CO., L.P.A.
                              101 West Prospect Avenue, Suite 1400
                              Cleveland, OH  44115-1093
                              Phone:  216/687-1311; Fax:  216/430-2278
                              Email: jstalzer@reminger.com;
                              skremer@reminger.com
                              Attorneys for Defendants Hoppus, Barker, and
                              Skiba

## CERTIFICATE OF SERVICE

The foregoing First Leave to Plead by Certification was electronically filed this this 17th day of August, 2018.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

_/s/ John B. Stalzer_
JOHN B. STALZER (0074371)

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE: PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | <u>NOTICE OF SERVICE</u> |
| LIVE NATION ENTERTAINMENT, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, KEVIN DARAGO, by and through his attorney Robert C.

Meeker of Blakemore, Meeker and Bowler Co., L.P.A., and hereby gives Notice to the Court

that he has served Plaintiff's First Request for Answers to Interrogatories Directed to Defendant

Ohio Bureau of Workers' Compensation; and Plaintiff's First Request for Production of

Documents & Things Directed to Defendant Ohio Bureau of Workers' Compensation, this 21st

day of August, 2018 to: Edward T. Saadi, Attorney at Law, 970 Windham Ct., Ste. 7 Boardman,

OH 44512, Attorney for Defendant Ohio Bureau of Workers' Compensation.

Respectfully submitted,
BLAKEMORE, MEEKER & BOWLER CO.

ROBERT C. MEEKER (# 0013050)
495 Portage Lakes Drive
Akron, OH 44319
(330) 253-3337 (voice)
(330) 253-4131 (fax)
e-mail: rcmeeker@bmblaw.com
*ATTORNEY FOR PLAINTIFF*
*KEVIN DARAGO*

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | CASE NO.   CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants | ) | **STIPULATED LEAVE TO** |
| | ) | **PLEAD** |

Now come the Plaintiff and Defendant Deckstar ("Deckstar"), incorrectly named as "Deckster" in Plaintiff's Complaint, by and through their respective counsel, to hereby stipulate that Deckstar is granted twenty-one (21) days leave or until September 13, 2018, within which to plead or otherwise respond and/or to address all applicable defenses, including but not limited to insufficiency of process, insufficiency of service of process, and/or lack of personal jurisdiction, to Plaintiff's Complaint.  No other leaves have been requested or granted.

Respectfully submitted,

*/s/ Ronald B. Lee*
Ronald B. Lee (04957)
rlee@ralaw.com
Whitney A. Todd (81659)
wtodd@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in*
*Plaintiff's Complaint*

*/s/per consent, 8/23/2018*
Robert C. Meeker
rcmeeker@bmblaw.com
Blakemore, Meeker & Bowler Co.
495 Portage Lakes Drive
Akron, Ohio 44319
Telephone:  330.253.3337
Fax:  330.253.4131
*Attorney for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on August 24, 2018. Notice of this filing will be sent by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.  In addition, a copy of the foregoing was served on August 24, 2018, pursuant to Civ.R. 5(B)(2)(f) by sending it via email to counsel as follows:

John B. Stalzer                    Edward T. Saadi
Stephan Kremer                     Edward T. Saadi, LLC
Reminger Co., L.P.A.               970 Windham Court, Suite 7
101 West Prospect Avenue, Suite 1400   Boardman, Ohio 44512
Cleveland, Ohio 44115-1093         EdwardSaadi@aol.com
jstalzer@reminger.com              *Attorney for Defendant Ohio Bureau of*
skremer@reminger.com               *Workers' Compensation*
*Attorneys for Defendants Hoppus, Barker, and Skiba*

And served on August 24, 2018, pursuant to Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC            Live Nation Entertainment, Inc.
c/o Bo Gardner, Statutory Agent    c/o Corporation Creations Network, Inc.
2850 Ocean Park Boulevard, Suite 300   1430 Truxtun Avenue, 5th Floor
Santa Monica, California 90405     Bakersfield, California 93301


James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069


                    */s/Ronald B. Lee*
                    One of the Attorneys for Defendant Deckstar, Incorrectly Named as "Deckster" in Plaintiff's Complaint

3

12941584 _1 127899.0030

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | CASE NO.    CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants | ) | **NOTICE OF SPECIAL AND** |
| | ) | **LIMITED APPEARANCE** |

The undersigned, Ronald B. Lee, and the law firm of Roetzel & Andress, hereby enters his special/limited appearance as counsel for Defendant Deckstar, incorrectly named as "Deckster" in Plaintiff's Complaint.

Respectfully submitted,

*/s/ Ronald B. Lee*
Ronald B. Lee (04957)
rlee@ralaw.com
Whitney A. Todd (81659)
wtodd@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in*
*Plaintiff's Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on August 24, 2018. Notice of this filing will be sent by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.   In addition, a copy of the foregoing was served on August 24, 2018, pursuant to Civ.R. 5(B)(2)(f) by sending it via email to counsel as follows:

Robert C. Meeker
Blakemore, Meeker & Bowler Co.
495 Portage Lakes Drive
Akron, Ohio 44319
Telephone: 330.253.3337
Fax: 330.253.4131
rcmeeker@bmblaw.com
*Attorney for Plaintiff*

John B. Stalzer                                      Edward T. Saadi
Stephan Kremer                                    Edward T. Saadi, LLC
Reminger Co., L.P.A.                            970 Windham Court, Suite 7
101 West Prospect Avenue, Suite 1400    Boardman, Ohio 44512
Cleveland, Ohio 44115-1093                 EdwardSaadi@aol.com
jstalzer@reminger.com                         *Attorney for Defendant Ohio Bureau of*
skremer@reminger.com                         *Workers' Compensation*
*Attorneys for Defendants Hoppus, Barker, and Skiba*

And served on August 24, 2018, pursuant to Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC                      Live Nation Entertainment, Inc.
c/o Bo Gardner, Statutory Agent            c/o Corporation Creations Network, Inc.
2850 Ocean Park Boulevard, Suite 300    1430 Truxtun Avenue, 5th Floor
Santa Monica, California 90405              Bakersfield, California 93301


James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069

*/s/Ronald B. Lee*
*One of the Attorneys for Defendant Deckstar, Incorrectly Named as "Deckster" in Plaintiff's Complaint*

2

12941924_1 127899.0030

CV-2018-07-2945          GALLAGHER, PAUL          08/28/2018 15:23:21 PM          ORD ORD2

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

KEVIN DARAGO,
     Plaintiff,

     vs.

LIVE NATION ENTERTAINMENT, INC, et al.,

     Defendants.

) Case No.: CV-2018-07-2945
)
)
) Judge Paul Gallagher
)
)
) **ORDER**
)
)
)
)
)

This cause came before the Court on Defendant Ohio Bureau of Workers' Compensation's Motion for Realignment of the Parties.

Upon review of same, the Court finds that Defendant BWC's interests are aligned with Plaintiff in this matter and therefore finds the Motion well-taken and sustains it. The BWC is granted the right to intervene in this cause as a named party plaintiff and file the Complaint that it submitted with its Motion.

IT IS SO ORDERED.

_____
JUDGE PAUL J. GALLAGHER

CMSN1000

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEVIN DARAGO | Case No.: CV-2018-07-2945 |
| and | Judge Paul Gallagher |
| OHIO BUREAU OF WORKERS' COMPENSATION, | **PRAECIPE** |
| Plaintiffs, | |
| vs. | |
| Live Nation Entertainment, Inc. c/o corporation creations network, Inc. 1430 Truxtun Avenue, 5th Floor Bakersfield, CA 93301 | |
| and | |
| Viking Wizard Eyes, LLC c/o Bo Gardner, Stat. Agent 2850 Ocean Park Blvd., Suite 300 Santa Monica, CA 90405 | |
| and | |
| Mark Hoppus 2850 Ocean Park Blvd., Suite 300 Santa Monica, CA 90405 | |
| and | |
| Travis Barker 2850 Ocean Park Blvd., Suite 300 Santa Monica, CA 90405 | |
| and | |
| Matt Skiba c/o Viking Wizard Eyes, LLC 2850 Ocean Park Blvd., Suite 300 Santa Monica, CA 90405 | |
| and | |

1

James Grant Group Ltd.                    )
9000 Sunset Blvd. #1000                    )
Los Angeles, CA  90069                     )
                                           )
and                                        )
                                           )
DECKSTER                                   )
c/o Kevin Wolff                            )
9100 Wilshire Blvd.                        )
Beverly Hills, CA  90212                   )
                                           )
          Defendants.                      )
_____           )

TO THE CLERK:

          Please issue a *Summons on Complaint of New Party Plaintiff Ohio Bureau of Workers'*

*Compensation* and serve it, along with said *Complaint*, on the Defendants via certified mail, return receipt

requested, at the address above.

                         Respectfully Submitted,

                         **MIKE DEWINE**
                         **OHIO ATTORNEY GENERAL**

                         Edward T. Saadi, Esq. (#0075775)
                         EDWARD T. SAADI, LLC
                         *As Special Counsel for the Ohio Attorney General*
                         970 Windham Ct., Ste. 7
                         Boardman, OH  44512
                         (330) 782-1954
                         (330) 266-7489 (fax)
                         EdwardSaadi@aol.com

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY OHIO

KEVIN DARAGO,

_____
     Plaintiff

CASE NO: _____    CV-2018-07-2945

VS

JUDGE: _____    Gallagher

Live Nation Entertainment, Inc., et al.

_____
     Defendants

NOTICE OF APPEARANCE ON BEHALF OF
GOVERNMENT AGENCY

The Court shall take notice that _____EDWARD T. SAADI_____,

Attorney, enters an appearance as counsel of record for _____BWC_____

_____

Please address all Notices, Rulings, and Correspondence etc. to the undersigned.

/s/ Edward T. Saadi
_____
(Attorney name)
     970 Windham Court
_____
(Address line 1)
     Suite 7
_____
(Address line 2)
     Boardman, OH 44512
_____
(City, state, zip)
     330-782-1954
_____
(Telephone)
     EdwardSaadi@aol.com
_____
(email)

CV-2018-07-2945          GALLAGHER, PAUL          09/04/2018 18:03:14 PM          IVCP

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

KEVIN DARAGO                              ) Case No.: CV-2018-07-2945
1868 Lancaster Street                     )
Cuyahoga Falls, OH  44221                 )
                                          ) Judge Paul Gallagher
and                                       )
                                          ) **COMPLAINT OF NEW PARTY**
                                          ) **PLAINTIFF OHIO BUREAU OF**
OHIO BUREAU OF WORKERS'                    ) **WORKERS' COMPENSATION**
COMPENSATION                              )
30 W. Spring St.                          ) (BWC No. 16-336856)
Columbus, OH  43215,                      ) (BWC Ref. No. BWS-5843)
                                          )
        Plaintiffs,                       )
                                          )
        vs.                               )
                                          )
Live Nation Entertainment, Inc.           )
c/o corporation creations network, Inc.   )
1430 Truxtun Avenue, 5th Floor            )
Bakersfield, CA  93301                    )
                                          )
and                                       )
                                          )
Viking Wizard Eyes, LLC                   )
c/o Bo Gardner, Stat. Agent               )
2850 Ocean Park Blvd., Suite 300          )
Santa Monica, CA  90405                   )
                                          )
and                                       )
                                          )
Mark Hoppus                               )
2850 Ocean Park Blvd., Suite 300          )
Santa Monica, CA  90405                   )
                                          )
and                                       )
                                          )
Travis Barker                             )
2850 Ocean Park Blvd., Suite 300          )
Santa Monica, CA  90405                   )
                                          )
and                                       )
                                          )
                                          )
                                          )

1

Matt Skiba                                          )
c/o Viking Wizard Eyes, LLC                         )
2850 Ocean Park Blvd., Suite 300                    )
Santa Monica, CA  90405                             )
                                                    )
and                                                 )
                                                    )
James Grant Group Ltd.                              )
9000 Sunset Blvd. #1000                             )
Los Angeles, CA  90069                              )
                                                    )
and                                                 )
                                                    )
DECKSTER                                            )
c/o Kevin Wolff                                     )
9100 Wilshire Blvd.                                 )
Beverly Hills, CA  90212                            )
                                                    )
          Defendants.                               )

Plaintiff, Ohio Bureau of Workers' Compensation ("BWC"), by and through the Ohio

Attorney General acting through Special Counsel duly appointed as provided in section 109.08

of the Ohio Revised Code, and states as follows:

1.       As a result of the injuries alleged in the Complaint, the BWC has paid to Plaintiff,

as of July 31, 2018, a total of $35,130.55 (which includes $35,130.55 in medical payments and

$0.00 in compensation).  In addition, the BWC is entitled to estimated future costs of the claim,

which are calculated as of July 31, 2018 at $65,039.84.  The BWC is also entitled to additional

sums paid to or on behalf of the Plaintiff during the pendency of this action.

2.       R.C. §4123.93 and §4123.931 provide that the BWC has an independent right of

recovery and is subrogated to the Plaintiff's rights against the Defendant with respect to past,

present, and estimated future payments of compensation, medical benefits, rehabilitation costs,

and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC.

2

3.     R.C. §4123.93 and §4123.931 of the Ohio Revised Code are constitutional under both the Ohio Constitution and the United States Constitution.

4.     R.C. §4123.93 and §4123.931 entitle the BWC to recover amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC, including any estimated future payments, out of any funds paid by Defendants to Plaintiff in settlement, compromise, judgment, award, or other recovery of this claim.

WHEREFORE, the BWC demands judgment on its Complaint against the Defendants in the amount of $100,170.39 for medical and compensation benefits paid plus the estimated future costs of this claim, plus any additional amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC during the pendency of this proceeding, plus costs.

Respectfully Submitted,

**MIKE DEWINE**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH  44512
(330) 782-1954 (office); (330) 266-7489 (fax)
EdwardSaadi@aol.com

3

## CERTIFICATE OF SERVICE

A copy of the foregoing **COMPLAINT OF NEW PARTY PLAINTIFF OHIO BUREAU OF WORKERS' COMPENSATION** was served this ⸺4⸺ day of September, 2018 by ordinary United States mail, postage prepaid to:

ROBERT C. MEEKER, ESQ.
BLAKEMORE, MEEKER & BOWLER
495 PORTAGE LAKES DRIVE
AKRON, OH 44319

LIVE NATION ENTERTAINMENT, INC.
C/O CORPORATION CREATIONS NETWORK, INC.
1430 TRUXTUN AVENUE, 5TH FLOOR
BAKERSFIELD, CA 93301

VIKING WIZARD EYES, LLC
C/O BO GARDNER, STAT. AGENT
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MARK HOPPUS
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

TRAVIS BARKER
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MATT SKIBA
C/O VIKING WIZARD EYES, LLC
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

JAMES GRANT GROUP LTD.
9000 SUNSET BLVD. #1000
LOS ANGELES, CA 90069

DECKSTER
C/O KEVIN WOLFF
9100 WILSHIRE BLVD.
BEVERLY HILLS, CA 90212

**MIKE DEWINE
OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

4

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
     AND
OHIO BUREAU OF WORKERS CONPENSATION
  **PLAINTIFFS**

   **-VS-**

                                    **Summons**

LIVE NATIONAL ENTERTAINMENT, INC.
  **DEFENDANTS**

**TO THE FOLLOWING:**
DECKSTER
C/O KEVIN WOLFF
9100 WILSHIRE BLVD
BEVERLY HILLS, CA 90212

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto.  The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO        Date: September 5, 2018**

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
AND
OHIO BUREAU OF WORKERS CONPENSATION
**PLAINTIFFS**

-VS-

LIVE NATIONAL ENTERTAINMENT, INC.
**DEFENDANTS**

# Summons

**TO THE FOLLOWING**:
JAMES GRANT GROUP LTD
9000 SUNSET BLVD, #1000
LOS ANGELES, CA 90069

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto.  The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO        Date: September 5, 2018**

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
AND
OHIO BUREAU OF WORKERS CONPENSATION
**PLAINTIFFS**

-VS-

LIVE NATIONAL ENTERTAINMENT, INC.
**DEFENDANTS**

**Summons**

**TO THE FOLLOWING:**
LIVE NATIONAL ENTERTAINMENT INC
C/O CORPORATION CREATIONS NETWORK, INC
1430 TRUXTUN AVENUE, 5TH FLOOR
BAKERSFIELD, CA 93301

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto.  The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO          Date: September 5, 2018**

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
     AND
OHIO BUREAU OF WORKERS CONPENSATION
  **PLAINTIFFS**

   **-VS-**

LIVE NATIONAL ENTERTAINMENT, INC.
  **DEFENDANTS**

# Summons

**TO THE FOLLOWING:**
MARK HOPPUS
2850 OCEAN PARK BLVD, SUITE 300
SANTA MONICA, CA 90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto.  The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO          Date: September 5, 2018**

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
     AND
OHIO BUREAU OF WORKERS CONPENSATION
  **PLAINTIFFS**

   **-VS-**

                                          **Summons**

LIVE NATIONAL ENTERTAINMENT, INC.
  **DEFENDANTS**

**TO THE FOLLOWING:**
MATT SKIBA
C/O VIKING WIZARD EYES, LLC
2850 OCEAN PARK BLVD, SUITE 300
SANTA MONICA, CA 90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto.  The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO**     Date: September 5, 2018

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
                    AND
OHIO BUREAU OF WORKERS CONPENSATION
        **PLAINTIFFS**

        -VS-

LIVE NATIONAL ENTERTAINMENT, INC.
        **DEFENDANTS**

**Summons**

**TO THE FOLLOWING:**
TRAVIS BARKER
2850 OCEAN PARK BLVD, SUITE 300
SANTA MONICA, CA 90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto. The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO          Date: September 5, 2018**

*c*

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
        AND
OHIO BUREAU OF WORKERS CONPENSATION
    **PLAINTIFFS**

        -VS-

                                                **Summons**

LIVE NATIONAL ENTERTAINMENT, INC.
    **DEFENDANTS**

**TO THE FOLLOWING:**
VIKING WIZARD EYES, LLC
C/O BO GARDNER, S/A
2850 OCEAN PARK BLVD, SUITE 300
SANTA MONICA, CA 90405

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto. The name and address of the Intervening plaintiff Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO        Date: September 5, 2018**

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY
STATE OF OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | Case No. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | Judge: PAUL GALLAGHER |
| | ) | |
| -vs.- | ) | 1.    PLAINTIFF'S MOTION TO APPOINT PROCESS SERVER |
| | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., et al., | ) | 2.    CERTIFICATE OF SERVICE |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now comes, KEVIN DARAGO, Plaintiff herein, by and through his attorney, Robert C. Meeker, of Blakemore, Meeker and Bowler Co., L.P.A., and hereby moves this Honorable Court to appoint FREELAND OLIVERIO to personally serve process or motion upon Name Unknown party, to wit: BRING THE AWESOME, INC., a California corporation, c/o John B. Stalzer, Esq., its authorized agent, of Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, Ohio 44115, to be designated as Doe Corporation 1, and/or other places where said Name Unknown party may be found or located. Said proposed process server is not a party in this action and is otherwise qualified to personally serve process, as provided in Rule 4.1(B) of the Ohio Rules of Civil Procedure (Civ.R.) A proposed Order is being provided herewith for the Court's convenience.

Dated: Akron, Ohio, September 5, 2018.

Respectfully submitted,

/s/ Robert C. Meeker
ROBERT C. MEEKER (#0013019)
rcmeeker@bmblaw.com
Blakemore, Meeker, Bowler, Co., L.P.A.



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-1-

Case: 5:18-cv-02639  Doc #: 1-1  Filed:  11/15/18  70 of 145.  PageID #: 74

495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]

Attorney for Plaintiff
KEVIN DARAGO



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-2-

<u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the document(s) attached hereto was/were filed electronically on or about the date indicated below.  Notice and service of this filing will be sent by and through the operation of the Court's electronic filing system to all parties participating in the Court's electronic filing system, pursuant to Rule 5(B)(2) of the Ohio Rules of Civil Procedure.  Parties may access a copy of this filing through the Court's system.

Dated:  Akron, Ohio, September 5, 2018.

Respectfully submitted,

*/s/ Robert C. Meeker*
ROBERT C. MEEKER (#0013019)



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-3-

CV-2018-07-2945          GALLAGHER, PAUL          09/05/2018 13:00:51 PM          PRFI          Page 1 of 2

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY
STATE OF OHIO

KEVIN DARAGO,                          )     Case No. CV-2018-07-2945
                                       )
                Plaintiff,             )     Judge: PAUL GALLAGHER
                                       )
        -vs.-                          )     **PRAECIPE TO THE**
                                       )     **CLERK OF COURTS**
                                       )
LIVE NATION ENTERTAINMENT,             )
INC., et al.,                          )
                                       )
                Defendants.            )
                                       )
_____)

**TO THE CLERK OF COURTS:**

        Please issue original summons, as follows (in bold):

**To:    Name Unknown**
        **to wit: Doe Corporation 1**
        **BRING THE AWESOME, INC.**
        **c/o John B. Stalzer, Esq.**
        **Reminger Co., L.P.A.**
        **101 West Prospect Avenue, Suite 1400**
        **Cleveland, Ohio 44115.**

**To the above named defendant(s):**

**You are hereby summoned that a Complaint (a copy of which is hereto attached and made a part hereof) had been filed against you in this court by the plaintiff(s) named herein. You are required to serve upon the plaintiff's attorney, or upon the plaintiff if he/she has no attorney of record, a copy of your answer to the Complaint within 28 days after service of this summons upon you. Said answer must be filed with this court within three days after service on plaintiff's attorney.**

**The name and address of the plaintiff's attorney is, as follows:**

        **ROBERT CHARLES MEEKER**
        **495 PORTAGE LAKES DRIVE**
        **AKRON, OHIO 44319.**



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-1-

**If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.**

Dated: Akron, Ohio, September 5, 2018.

<div style="margin-left:50%;">

Respectfully submitted,

*/s/ Robert C. Meeker*
ROBERT C. MEEKER (#0013019)
rcmeeker@bmblaw.com
Blakemore, Meeker, Bowler, Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]

Attorney for Plaintiff
KEVIN DARAGO

</div>



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-2-

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS MARK HOPPUS,** |
| LIVE NATION ENTERTAINMENT, | ) | **TRAVIS BARKER AND MATT** |
| INC., et al | ) | **SKIBA'S ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| Defendants. | ) | |
| | | (Jury Demand Endorsed Hereon) |

Defendants Mark Hoppus, Travis Barker and Matt Skiba, for their Answer to

Plaintiff's Complaint:

1.      Deny for want of knowledge the allegations contained in paragraph 1.

2.      Deny for want of knowledge the allegations contained in paragraph 2.

3.      Deny the allegations contained in paragraph 3.

4.      Deny the allegations contained in paragraph 4.

5.      Deny the allegations contained in paragraph 5.

6.      Deny for want of knowledge the allegations contained in paragraph 6.

7.      Deny for want of knowledge the allegations contained in paragraph 7.

8.      Deny for want of knowledge the allegations contained in paragraph 8.

9.      Deny for want of knowledge the allegations contained in paragraph 9.

10.     Deny the allegations contained in paragraph 10.

11.     Deny the allegations contained in paragraph 11.

12.     Deny the allegations contained in paragraph 12.

13.     Deny for want of knowledge the allegations contained in paragraph 13.

14.     Deny for want of knowledge the allegations contained in paragraph 14.

15.    Deny for want of knowledge the allegations contained in paragraph 15.

16.    Deny the allegations contained in paragraph 16.

17.    Deny the allegations contained in paragraph 17.

18.    Deny the allegations contained in paragraph 18.

19.    Deny for want of knowledge the allegations contained in paragraph 19.

20.    Deny for want of knowledge the allegations contained in paragraph 20.

21.    Deny for want of knowledge the allegations contained in paragraph 21.

22.    Deny for want of knowledge the allegations contained in paragraph 22.

23.    Deny for want of knowledge the allegations contained in paragraph 23.

24.    Deny for want of knowledge the allegations contained in paragraph 24.

25.    Deny for want of knowledge the allegations contained in paragraph 25.

26.    Deny for want of knowledge the allegations contained in paragraph 26.

27.    Deny the allegations contained in paragraph 27.

28.    Deny for want of knowledge the allegations contained in paragraph 28.

29.    Deny for want of knowledge the allegations contained in paragraph 29.

30.    Deny for want of knowledge the allegations contained in paragraph 30.

31.    Deny for want of knowledge the allegations contained in paragraph 31.

32.    Deny for want of knowledge the allegations contained in paragraph 32.

33.    Deny for want of knowledge the allegations contained in paragraph 33.

34.    Deny for want of knowledge the allegations contained in paragraph 34.

35.    Deny the allegations contained in paragraph 35.

36.    Deny for want of knowledge the allegations contained in paragraph 36.

37.    Deny for want of knowledge the allegations contained in paragraph 37.

38.     Deny for want of knowledge the allegations contained in paragraph 38.

39.     Deny for want of knowledge the allegations contained in paragraph 39.

40.     Deny for want of knowledge the allegations contained in paragraph 40.

41.     Deny for want of knowledge the allegations contained in paragraph 41.

42.     Admit the allegations contained in paragraph 42.

43.     Deny for want of knowledge the allegations contained in paragraph 43.

44.     Deny for want of knowledge the allegations contained in paragraph 44.

45.     Deny for want of knowledge the allegations contained in paragraph 45.

## COUNT ONE

46.     Reallege and incorporate by reference all averments made in paragraphs 1-45 as if fully rewritten herein.

47.     Deny the allegations contained in paragraph 47.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51.

52.     Deny the allegations contained in paragraph 52.

53.     Deny the allegations contained in paragraph 53.

## COUNT TWO

54.     Reallege and incorporate by reference all averments made in paragraphs 1-53 as if fully rewritten herein.

55.     Deny the allegations contained in paragraph 55.

56.     Deny the allegations contained in paragraph 56.

57.    Deny the allegations contained in paragraph 57.

58.    Deny the allegations contained in paragraph 58.

59.    Deny the allegations contained in paragraph 59.

60.    Deny the allegations contained in paragraph 60.

61.    Deny the allegations contained in paragraph 61.

62.    Deny the allegations contained in paragraph 62.

63.    Deny the allegations contained in paragraph 63.

## COUNT THREE

64.    Reallege and incorporate by reference all averments made in paragraphs 1-63 as if fully rewritten herein.

65.    Deny the allegations contained in paragraph 65.

66.    Deny the allegations contained in paragraph 66.

67.    Deny the allegations contained in paragraph 67.

68.    Deny the allegations contained in paragraph 68.

## COUNT FOUR

69.    Reallege and incorporate by reference all averments made in paragraphs 1-68 as if fully rewritten herein.

70.    Deny for want of knowledge the allegations contained in paragraph 70.

71.    Deny for want of knowledge the allegations contained in paragraph 72.

72.    Deny for want of knowledge the allegations contained in paragraph 73.

73.    Deny for want of knowledge the allegations contained in paragraph 74.

74.    Deny for want of knowledge the allegations contained in paragraph 75.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to assert additional affirmative defenses that become known during discovery:

1. Plaintiff's Complaint, either in full or in part, fails to state a claim upon which relief may be granted.

2. Defendants are entitled to a credit or offset in the amount of all applicable liability insurance policies and bonds, and further as provided in all applicable policies of Uninsured or underinsured motorists coverage.

3. Plaintiff failed to name a party as required by Civ. R. 19 and/or Civ. R. 19.1.

4. Plaintiff's damages are subject to Ohio's Statutory Damage Caps.

5. Plaintiff assumed the risk.

6. Plaintiff was comparatively negligent.

**WHEREFORE**, having fully answered, Defendants move this Court to dismiss Plaintiff's Complaint, with prejudice, at Plaintiff's cost.

Respectfully submitted:

*/s/John B. Stalzer*
JOHN B. STALZER (0074371)
STEPHAN KREMER (0061473)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, OH 44115-1093
Phone: 216/687-1311; Fax: 216/430-2278
Email: jstalzer@reminger.com
skremer@reminger.com
Attorneys for Defendants

## JURY DEMAND

A Trial by jury is hereby demanded.

_/s/ John B. Stalzer_____
John B. Stalzer (0074371)

## CERTIFICATE OF SERVICE

The foregoing Answer was electronically filed this this 7th day of September, 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ John B. Stalzer*
JOHN B. STALZER (0074371)

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEVIN DARAGO, | CASE NO. CV-2018-07-2945 |
| Plaintiff, | JUDGE PAUL GALLAGHER |
| vs. | |
| LIVE NATION ENTERTAINMENT, INC., | **MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CIV.R. 12(B)(2), (4), AND (5)** |
| Defendants. | |

Now comes the undersigned, as counsel for Deckstar, incorrectly named as "Deckster" in the Complaint, and hereby enters this limited appearance for the sole purpose of moving to dismiss all allegations contained in the Complaint against Deckstar, pursuant to Ohio Rules of Civil Procedure ("Civ.R.") 12(B)(2), (4), and (5). Dismissal is appropriate as the Court does not have personal jurisdiction over Deckstar because Deckstar is a trademark, not a legal entity capable of being sued. Additionally, Plaintiff Kevin Darago ("Plaintiff") failed to obtain valid or effective process over Deckstar as, in addition to Deckstar being the wrong entity, Plaintiff served "Deckster," not "Deckstar." Plaintiff's service of process is also insufficient because service was made to the wrong person.

1

The reasons supporting this Motion are set forth in the attached Brief in Support and the Affidavit of Lawrence Vavra attached hereto as Exhibit A.

Respectfully submitted,

*/s/Ronald B. Lee*

Ronald B. Lee (4957)
rlee@ralaw.com
Whitney Todd (81659)
wtodd@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

*Attorneys for Defendant Deckstar,
Incorrectly Named as "Deckster" in
Plaintiff's Complaint*

2

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .......................................................5

*Cobble v. Farmer's Bank*, 630 Ohio St. 528 (1900) ........................................................4

*Czyz v. Best Choice Moving, Inc.*, 5th Dist. Guernsey No. 14CA23, 2015-Ohio-3562..............4, 5

*DeWine v. 9150 Group, L.P.*, 2012-Ohio-3339, 977 N.E.2d 112 (9th Dist.) ...................................5

*Greene v. Greene*, 9th Dist. Medina No. 1287, 1984 WL 6191 (May 30, 1984).............................4

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ........................................................5

*Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312. ...................................................6

*Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984) ......................................................3, 6

*Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 26348, 2013-Ohio-3348 (July 31, 2013)..........4

*Miley v. STS Systems, Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254 (10th Dist.)...............................................................................................................................5

*O.B. Corp. v. Cordell*, 47 Ohio App.3d 170, 547 N.E.2d 1201 (10th Dist. 1988) ..........................5

*Patterson v. V. & M Auto Body*, 63 Ohio St.3d 573 N.E.2d 1306 (1992) ........................................4

*Rondy v. Rondy*, 13 Ohio App.3d 19, 22, 468 N.E.2d 81 (9th Dist. 1983) ......................................4

*Wozniak v. Potter*, 9th Dist. Summit No. 24956, 2010-Ohio-3008..................................................4

i

## BRIEF IN SUPPORT OF DECKSTAR'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT PURSUANT TO CIV.R. 12(B)(2), (4), AND (5)

### I.     INTRODUCTION

When Plaintiff filed his Complaint, he named "Deckster" as a defendant and attempted service of same. Plaintiff has named the wrong entity in two respects. First, the party he served and repeatedly refers to as "Deckster" is, in fact, "Deckstar." Second, Deckstar is not a legal entity capable of being sued. Accordingly, this Court does not have personal jurisdiction over Deckstar. Additionally, Plaintiff's process was insufficient as was service of process. Plaintiff served "Deckster," not Deckstar. Also, Deckstar is a trademark of AM LV PR, LLC. And service was made to the wrong entity because it was directed to the attention of an independent contractor of AM LV PR, LLC.

### II.     STATEMENT OF FACTS

Plaintiff filed this lawsuit on July 17, 2018, seeking damages from at least nine different Defendants, alleging tort and contract claims supposedly related to an eye injury he alleges he sustained while he worked at a Blink-182 concert. On July 18, 2018, the Summit County Clerk of Courts attempted to serve a Summons and the Complaint to "Deckster, 9100 Wilshire Blvd, C/O Kevin Wolff, Beverly Hills, CA 90212." Summons to Deckster (July 18, 2018). "Deckster" apparently refers to Deckstar. Kevin Wolff received the Summons and Complaint. Mr. Wolff is an independent contractor for AM LV PR, LLC d/b/a Deckstar as an Artist Manager. Affidavit of Lawrence Vavra (Sept. 12, 2018), attached hereto as <u>Exhibit A.</u>

### III.     LAW AND ARGUMENT

#### A.     This Court Does Not Have Personal Jurisdiction Over Deckstar.

"It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d

3

538 (1984). Both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued. *Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 26348, 2013-Ohio-3348, ¶ 15 (July 31, 2013); see also *Patterson v. V. & M Auto Body*, 63 Ohio St.3d 573, 574, 589 N.E.2d 1306 (1992). "If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void." *Patterson*, 63 Ohio St.3d at 576, 589 N.E.2d 1306 (citing *Cobble v. Farmer's Bank*, 630 Ohio St. 528 (1900)). A judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process. *Rondy v. Rondy*, 13 Ohio App.3d 19, 22, 468 N.E.2d 81 (9th Dist. 1983). See also *Greene v. Greene*, 9th Dist. Medina No. 1287, 1984 WL 6191 (May 30, 1984) ("A void judgment is one entered either without jurisdiction of the person or of the subject matter.").

Moreover, "a civil lawsuit is not commenced when filed against an incorrectly named defendant unless the pleading is later amended to name the correct defendant." *Patterson*, 63 Ohio St.3d at 576, 589 N.E.2d 1306. Ohio courts have frequently dismissed matters involving incorrectly named defendants. For example, in *Czyz v. Best Choice Moving, Inc.*, 5th Dist. Guernsey No. 14CA23, 2015-Ohio-3562, the appellate court upheld the trial court's decision denying plaintiff's request for a default judgment because plaintiff did not follow the trial court's order to amend her complaint to add the defendant under its correct name, not its "doing business as" name. And in *Wozniak v. Potter*, 9th Dist. Summit No. 24956, 2010-Ohio-3008, the plaintiff repeatedly brought suit against a deceased defendant and his estate even though an estate itself cannot be sued. *Id.* at ¶18. Because the plaintiff did not bring suit against the proper party—the executor or administrator in his or her representative capacity—until one

4

year after the case was first filed, the appellate court affirmed the case's dismissal pursuant to Civ.R. 12(B)(2). *Id.* at ¶ 30.

Here, Deckstar is not a legal entity. Rather, it is a trademark of AM LV PR, LLC, a subsidiary of James Grant Group. Exhibit A at ¶¶ 2, 6. As was the case of the incorrect defendant in *Czyz v. Best Choice Moving, Inc.* (supra), Deckstar is a "doing business name" for AM LV PR, LLC. Exhibit A at ¶¶ 1-2. Therefore, the Court has no personal jurisdiction over Deckstar, and Plaintiff's claims against Deckstar are void and should be dismissed.

Once a Defendant moves to dismiss a matter for lack of jurisdiction, Plaintiff must come forward with facts by affidavit or otherwise supporting personal jurisdiction. See, *e.g.*, *DeWine v. 9150 Group, L.P.*, 2012-Ohio-3339, 977 N.E.2d 112, ¶ 8 (9th Dist.). Here, Plaintiff will be unable to do so. There is simply no getting around the fact that Deckstar, a trademark, is not an entity capable of being sued.[1]

## B.  Plaintiff's Process and Service of Process Were Insufficient.

A court lacks personal jurisdiction over a defendant if effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. See, *e.g.*, *Miley v. STS Systems, Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, ¶ 6 (10th Dist.) (citation omitted). Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and

---

[1] Even if Deckstar was a legal entity, this Court would still be without personal jurisdiction over it. Deckstar does not have certain minimum contacts with Ohio such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *DeWine*, 2012-Ohio-3339, 977 N.E.2d 112, at ¶ 18 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This requirement would be satisfied if Ohio has either specific or general jurisdiction over a nonresident, but here it does not because Deckstar has ***no*** contacts with Ohio. Exhibit A at ¶¶ 7-16. Because Deckstar does not maintain "continuous and systematic" contacts with Ohio, Ohio does not have general jurisdiction over Deckstar. See, *e.g.*, *DeWine*, 2012-Ohio-3339, 977 N.E.2d 112, at ¶ 26. And Ohio does not have specific jurisdiction over Deckstar because, at a minimum, Deckstar has not purposefully availed itself of the privilege of acting in the state and its acts or consequences do not have a substantial enough connection with Ohio to make the exercise of jurisdiction over it reasonable. See, *e.g.*, *id.* at ¶¶ 19-20 (following *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

5

void *ab initio*. *O.B. Corp. v. Cordell*, 47 Ohio App.3d 170, 171, 547 N.E.2d 1201 (10th Dist. 1988). Therefore, courts take defects in service very seriously when deciding these issues, and even minor defects in service will not be overlooked—even if that would result in the harsh outcome of a dismissal of the lawsuit with prejudice. *Maryhew*, 11 Ohio St.3d at 154. When there is no proper service, the court lacks personal jurisdiction over the defendant. *Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312, ¶ 9.

Here, Plaintiff's process was insufficient. Plaintiff served "Deckster," not "Deckstar" in his Complaint and Summons. Even if he had gotten the name right, Deckstar is a trademark, not a party who can be sued. Service of process was also insufficient. Service was made to the wrong entity as it was addressed to the attention of Kevin Wolff, an independent contractor of AM LV PR, LLC d/b/a Deckstar as an Artist Manager. Exhibit A at ¶ 17. Accordingly, the Court has no personal jurisdiction over Deckstar, and the claims against Deckstar should be dismissed pursuant to Civ.R. 12(B)(4) and (5).

As with personal jurisdiction, plaintiffs have the burden to ensure that proper service has been accomplished under the Rules of Civil Procedure. *Maryhew*, 11 Ohio St. 3d at 157 (explaining that "the obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation."). In the present case, the prerequisite of effective service has not been met, and thus Plaintiffs have failed to properly commence this action against Deckstar. As such, Plaintiff's Complaint against Deckstar is a nullity. See *Maryhew*, 11 Ohio. St.3d at 156.

## IV.    CONCLUSION

For the reasons identified, Deckstar respectfully requests this Court dismiss Plaintiff's claims brought against Deckstar in their entirety and with prejudice.

6

Respectfully submitted,

*/s/Ronald B. Lee*
Ronald B. Lee (4957)
rlee@ralaw.com
Whitney Todd (81659)
wtodd@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577

*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in*
*Plaintiff's Complaint*

7

## **PROOF OF SERVICE**

I hereby certify that the foregoing was electronically filed on September 13, 2018 via the

Court's eFile System which shall send notifications of this filing to the following:

Robert C. Meeker
rcmeeker@bmblaw.com
Blakemore, Meeker & Bowler Co.
495 Portage Lakes Drive
Akron, Ohio 44319
Telephone: 330.253.3337
Fax: 330.253.4131
*Attorney for Plaintiff*

John B. Stalzer
Stephan Kremer
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093
jstalzer@reminger.com
skremer@reminger.com
*Attorneys for Defendants Hoppus, Barker, and Skiba*

Edward T. Saadi
Edward T. Saadi, LLC
970 Windham Court, Suite 7
Boardman, Ohio 44512
EdwardSaadi@aol.com
*Attorney for Plaintiff-Intervenor Ohio Bureau of Workers' Compensation*

I further certify that on September 13, 2018, I served this document in accordance with Ohio Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC
c/o Bo Gardner, Statutory Agent
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405

James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069

Live Nation Entertainment, Inc.
c/o Corporation Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, California 93301

*/s/Ronald B. Lee*
*One of the Attorneys for Defendant Deckstar, Incorrectly Named as "Deckster" in Plaintiff's Complaint*

8

12993721_1 127899.0030

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEVIN DARAGO,                                    CASE NO.   CV-2018-07-2945

        Plaintiff,                               JUDGE PAUL GALLAGHER

vs.

LIVE   NATION   ENTERTAINMENT,         **AFFIDAVIT OF LAWRENCE VAVRA**
INC.,

            Defendants.

LAWRENCE VAVRA, being duly sworn, states as follows:

1.    I am the co-Founder and President of AM LV PR, LLC doing business as ("d/b/a") Deckstar.

2.    Deckstar is a trademark owned by AM LV PR, LLC, serial # 77980870, and registered on January 11, 2011.

1.    AM LV PR, LLC d/b/a Deckstar's address is 9100 Wilshire Boulevard, Suite 100 West, Beverly Hills, California 90212.

3.    AM LV PR, LLC d/b/a Deckstar is a California domestic in the business of music management.

4.    AM LV PR, LLC d/b/a Deckstar was incorporated in California on December 28, 2006.

12989016_1                    EXHIBIT A

5.     AM LV PR, LLC d/b/a Deckstar's headquarters, principal place of business, administrative, and executive functions are all in California.

6.     In 2017, AM LV PR, LLC d/b/a Deckstar merged with, and is now a subsidiary of, James Grant Group.

7.     AM LV PR, LLC d/b/a Deckstar does not have any offices in Ohio.

8.     AM LV PR, LLC d/b/a Deckstar has no employees or agents in Ohio.

9.     AM LV PR, LLC d/b/a Deckstar has no members, directors, or officers in Ohio.

10.    AM LV PR, LLC d/b/a Deckstar has no representatives in Ohio.

11.    AM LV PR, LLC d/b/a Deckstar has no subsidiaries in Ohio.

12.    AM LV PR, LLC d/b/a Deckstar does not have any registered agents in Ohio.

13.    AM LV PR, LLC d/b/a Deckstar does not maintain a post office box in Ohio.

14.    AM LV PR, LLC d/b/a Deckstar does not maintain a bank account in Ohio.

15.    AM LV PR, LLC d/b/a Deckstar does not own any real property in Ohio.

16.    I am not aware of AM LV PR, LLC d/b/a Deckstar having any presence in Ohio other than the lawsuit filed by Kevin Darago, entitled *Darago v. Live Nation Entertainment, Inc.* and brought in the Summit County Court of Common Pleas as Case Number CV-2018-07-2945 ("*Darago v. Live Nation* litigation").

17.    Kevin Wolff is an independent contractor who serves as an Artist Manager for AM LV PR, LLC d/b/a Deckstar.

18.    Sometime in July 2018, Mr. Wolff was served with a Complaint and Summons, dated July 18, 2018, in the *Darago v. Live Nation* litigation.

19.    Mr. Wolff immediately passed the Complaint and Summons on to me.

2

12989016_1

20.     Mr. Wolff did not have authority to accept service of process.


FURTHER AFFIANT SAYETH NAUGHT.

_Lawrence Vavra_


SWORN TO and SUBSCRIBED BEFORE ME this _13_ ᵗʰ day of September 2018.


_Maria Teresa Bravo_
Notary Public
My Commission Expires:  9-26-2019

MARIA TERESA BRAVO
Commission # 2128132
Notary Public - California
Los Angeles County
My Comm. Expires Sep 26, 2019

3

12989016 _1

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | CASE NO.    CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., | ) | |
| | ) | **NOTICE OF SPECIAL AND** |
| Defendants | ) | **LIMITED APPEARANCE** |
| | ) | |

The undersigned, Ronald B. Lee, and the law firm of Roetzel & Andress, hereby

enters his special/limited appearance as counsel for Defendant Deckstar, incorrectly

named as "Deckster" in Plaintiff's Complaint.

Respectfully submitted,

*/s/ Ronald B. Lee*
Ronald B. Lee (04957)
rlee@ralaw.com
Whitney A. Todd (81659)
wtodd@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in*
*Plaintiff's Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on September 13, 2018

via the Court's eFile System which shall send notifications of this filing to the following:

Robert C. Meeker
Blakemore, Meeker & Bowler Co.
495 Portage Lakes Drive
Akron, Ohio 44319
Telephone:  330.253.3337
Fax:  330.253.4131
rcmeeker@bmblaw.com
*Attorney for Plaintiff*

Edward T. Saadi
Edward T. Saadi, LLC
970 Windham Court, Suite 7
Boardman, Ohio 44512
EdwardSaadi@aol.com
*Attorney for Plaintiff-Intervenor*
*Ohio Bureau of Workers' Compensation*

John B. Stalzer
Stephan Kremer
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093
jstalzer@reminger.com
skremer@reminger.com
*Attorneys for Defendants Hoppus, Barker, and*
*Skiba*

And served on September 13, 2018, pursuant to Civ.R. 5(B)(2)(c) by U.S. Mail to the following
parties:

Viking Wizard Eyes, LLC
c/o Bo Gardner, Statutory Agent
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405

Live Nation Entertainment, Inc.
c/o Corporation Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, California 93301

James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069

*/s/Ronald B. Lee*
*One of the Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in Plaintiff's*
*Complaint*

2

12992408 _1 127899.0030

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | CASE NO.     CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., | ) | **NOTICE OF SPECIAL AND** |
| | ) | **LIMITED APPEARANCE OF** |
| Defendants | ) | **ADDITIONAL COUNSEL** |
| | ) | |

The undersigned, Whitney A. Todd, hereby enters her special/limited appearance as additional counsel with Ronald B. Lee and the law firm of Roetzel & Andress, for Defendant Deckstar, incorrectly named as "Deckster" in Plaintiff's Complaint.

Respectfully submitted,

*/s/ Whitney A. Todd*
Ronald B. Lee (04957)
rlee@ralaw.com
Whitney A. Todd (81659)
wtodd@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster"*
*in Plaintiff's Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on September 13, 2018

via the Court's eFile System which shall send notifications of this filing to the following:

Robert C. Meeker
Blakemore, Meeker & Bowler Co.
495 Portage Lakes Drive
Akron, Ohio 44319
Telephone: 330.253.3337
Fax: 330.253.4131
rcmeeker@bmblaw.com
*Attorney for Plaintiff*

Edward T. Saadi
Edward T. Saadi, LLC
970 Windham Court, Suite 7
Boardman, Ohio 44512
EdwardSaadi@aol.com
*Attorney for Plaintiff-Intervenor*
*Ohio Bureau of Workers' Compensation*

John B. Stalzer
Stephan Kremer
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093
jstalzer@reminger.com
skremer@reminger.com
*Attorneys for Defendants Hoppus, Barker, and*
*Skiba*

I further certify that on September 13, 2018, I served this document in accordance with Ohio
Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC
c/o Bo Gardner, Statutory Agent
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405

Live Nation Entertainment, Inc.
c/o Corporation Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, California 93301

James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069

*/s/Whitney A. Todd*
*One of the Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in Plaintiff's*
*Complaint*

12941935 _2

2

CV-2018-07-2945
GALLAGHER, PAUL
09/18/2018 11:13:52 AM
ORD-PSOR
Page 1 of 1

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY
STATE OF OHIO

KEVIN DARAGO,                              )    Case No. CV-2018-07-2945
                                           )
                    Plaintiff,             )    Judge: PAUL GALLAGHER
                                           )
        -vs.-                              )    **ORDER**
                                           )
                                           )
LIVE NATION ENTERTAINMENT,                 )
INC., et al.,                              )
                                           )
                    Defendants.            )
                                           )
                                           )
_____)

        Upon motion by the Plaintiff and for good cause shown, the Court hereby grants the

motion and appoints FREELAND OLIVERIO to personally serve process or motion upon Name

Unknown party, to wit: BRING THE AWESOME, INC., c/o John B. Stalzer, Esq., its authorized

agent, of Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, Ohio 44115,

or other places where said Name Unknown party may be found or located.

        IT IS SO ORDERED.


_____
JUDGE PAUL J. GALLAGHER


CMSN1000

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEVIN DARAGO                           )    Case No. CV-2018-07-2945
                                       )
            Plaintiff,                 )    Judge: PAUL GALLAGHER
                                       )
                                       )    1.    MOTION OF PLAINTIFF
      -vs.-                            )          KEVIN DARAGO
                                       )          FOR EXTENSION OF TIME
LIVE NATION ENTERTAINMENT, INC.        )          TO FILE OPPOSITION BRIEF
et al.,                                )
            Defendants.                )    2.    CERTIFICATE OF SERVICE
                                       )
                                       )
_____)

     Now comes, KEVIN DARAGO, Plaintiff herein, by and through his attorney, Robert C.

Meeker, of Blakemore, Meeker & Bowler Co., L.P.A., and hereby moves this Honorable Court

for leave to extend time to file opposition brief.   This motion is made pursuant to Rule 6 of the

Ohio Rules of Civil Procedure (Civ.R.).

**MEMORANDUM**

     This is a civil action filed by KEVIN DARAGO on July 17, 2018. Civ.R. 6, Time,

provides, in part:

    (B)    Time: extension.   When by these rules or by a notice given thereunder or by
          order of court an act is required or allowed to be done at or within a specified
          time, the court for cause shown may at any time in its discretion (1) with or
          without motion or notice order the period enlarged if request therefor is made
          before the expiration of the period originally prescribed or as extended by a
          previous order[.]



**Blakemore, Meeker &
Bowler Co., L.P.A.**
Attorneys At Law
495 Portage Lakes Drive
Akron, Ohio 44319
Tel: (330)253-3337
Fax: (330)253-4131

Defendant DECKSTAR filed their 12-page motion to dismiss on September 13, 2018.   Due to

the substantial amount of issues posed and facts presented by Defendant DECKSTAR's motion,

-1-

and due to counsel's recent involvement with extensive, days-long mediation, counsel will require additional time to prepare a due, adequate response to the motion. As such, Plaintiff requests a minimum of a 14-day extension in which to file an opposition brief. Defendants would not be prejudiced by the extension.

     Based on the above, Plaintiff requests that his motion be granted.

     Dated: Akron, Ohio, September 25, 2018.

                      Respectfully submitted,

                      */s/ Robert C. Meeker*

                      ROBERT C. MEEKER (#0013019)
                      Blakemore, Meeker & Bowler Co., L.P.A.
                      495 Portage Lakes Drive
                      Akron, Ohio 44319
                      330-253-3337 [voice]
                      330-253-4131 [facsimile]
                      Attorney for Plaintiff
                      KEVIN DARAGO



Blakemore, Meeker &
Bowler Co., L.P.A.
Attorneys At Law
495 Portage Lakes Drive
Akron, Ohio 44319
Tel: (330)253-3337
Fax: (330)253-4131

-2-

<u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the document(s) attached hereto was/were filed electronically on or about the date indicated below.  Notice and service of this filing will be sent by and through the operation of the Court's electronic filing system to all parties participating in the Court's electronic filing system, pursuant to Rule 5(B)(2) of the Ohio Rules of Civil Procedure (Civ.R.) or Rule 13(C)/(D) of the Ohio Rules of Appellate Procedure (App.R.).  Parties may access a copy of this filing through the Court's system.

Dated:   Akron, Ohio, September 25, 2018.

Respectfully submitted,

*/s/ Robert C. Meeker*

ROBERT C. MEEKER (#0013019)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]
Attorney for Plaintiff
KEVIN DARAGO



Blakemore, Meeker &
Bowler Co., L.P.A.
Attorneys At Law
495 Portage Lakes Drive
Akron, Ohio 44319
Tel: (330)253-3337
Fax: (330)253-4131

-3-

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | Case No. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | Judge: PAUL GALLAGHER |
| | ) | |
| -vs.- | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **MOTION FOR EXTENSION OF** |
| | ) | **TIME** |
| LIVE NATION ENTERTAINMENT, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Upon motion by the Plaintiff and for good cause shown, the Court hereby grants Plaintiff's

motion titled "Motion Of Plaintiff Kevin Darago For Extension Of Time To File Opposition

Brief."  Plaintiff has until October 10, 2018, to file his brief in opposition to Defendant's Motion

to Dismiss.

IT IS SO ORDERED.

_____
JUDGE PAUL J. GALLAGHER

CMSN1000

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEVIN DARAGO,                          )    Case No. CV-2018-07-2945
                                       )
                    Plaintiff,         )    Judge: PAUL GALLAGHER
                                       )
        -vs.-                          )    **ORDER GRANTING PLAINTIFF'S**
                                       )    **MOTION FOR EXTENSION OF**
                                       )    **TIME**
LIVE NATION ENTERTAINMENT,             )
INC., et al.,                          )
                                       )
                    Defendants.        )
                                       )
_____)

        Upon motion by the Plaintiff and for good cause shown, the Court hereby grants Plaintiff's

motion titled "Motion Of Plaintiff Kevin Darago For Extension Of Time To File Opposition

Brief."   Plaintiff has until October 10, 2018, to file his brief in opposition to Defendant's Motion

to Dismiss.

        IT IS SO ORDERED.


                                    _____
                                    JUDGE PAUL J. GALLAGHER


CMSN1000

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:   CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                              **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORPORATION CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

NAME UNKNOWN, DOE CORPORATION 1
BRING THE AWESOME, INC., C/O JOHN B. STALZER ESQ. REMINGER CO., L.P.A.
101 WEST PROSPECT AVENUE, SUITE 1400
Cleveland, OH   44115

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

October 1, 2018

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | CASE NO.    CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., | ) | **NOTICE OF SPECIAL AND** |
| | ) | **LIMITED APPEARANCE OF** |
| Defendants | ) | **ADDITIONAL COUNSEL** |
| | ) | |

The undersigned, Whitney A. Todd, hereby enters her special/limited appearance as additional counsel with Ronald B. Lee and the law firm of Roetzel & Andress, for Defendant Deckstar, incorrectly named as "Deckster" in Plaintiff's Complaint.

Dated: October 10, 2018                Respectfully submitted,

*/s/ Whitney A. Todd*
Ronald B. Lee (04957)
rlee@ralaw.com
Whitney A. Todd (81659)
wtodd@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH  44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster"*
*in Plaintiff's Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on October 10, 2018

via the Court's eFile System which shall send notifications of this filing to the following:

Robert C. Meeker
Blakemore, Meeker & Bowler Co.
495 Portage Lakes Drive
Akron, Ohio 44319
Telephone: 330.253.3337
Fax: 330.253.4131
rcmeeker@bmblaw.com
*Attorney for Plaintiff*

Edward T. Saadi
Edward T. Saadi, LLC
970 Windham Court, Suite 7
Boardman, Ohio 44512
EdwardSaadi@aol.com
*Attorney for Plaintiff-Intervenor*
*Ohio Bureau of Workers' Compensation*

John B. Stalzer
Stephan Kremer
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093
jstalzer@reminger.com
skremer@reminger.com
*Attorneys for Defendants Hoppus, Barker, and*
*Skiba*

I further certify that on October 10, 2018, I served this document in accordance with Ohio Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC
c/o Bo Gardner, Statutory Agent
2850 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405

Live Nation Entertainment, Inc.
c/o Corporation Creations Network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, California 93301

James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069

/s/Whitney A. Todd
*One of the Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in Plaintiff's*
*Complaint*

2

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | CASE NO.    CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants | ) | **NOTICE OF SPECIAL AND** |
| | ) | **LIMITED APPEARANCE** |

The undersigned, Ronald B. Lee, and the law firm of Roetzel & Andress, hereby

enters his special/limited appearance as counsel for Defendant Deckstar, incorrectly

named as "Deckster" in Plaintiff's Complaint.

Dated: October 10, 2018                    Respectfully submitted,

*/s/ Ronald B. Lee*
Ronald B. Lee (04957)
rlee@ralaw.com
Whitney A. Todd (81659)
wtodd@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in*
*Plaintiff's Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on October 10, 2018 via

the Court's eFile System which shall send notifications of this filing to the following:

Robert C. Meeker  
Blakemore, Meeker & Bowler Co.  
495 Portage Lakes Drive  
Akron, Ohio 44319  
rcmeeker@bmblaw.com  
*Attorney for Plaintiff*

Edward T. Saadi  
Edward T. Saadi, LLC  
970 Windham Court, Suite 7  
Boardman, Ohio 44512  
EdwardSaadi@aol.com  
*Attorney for Plaintiff-Intervenor*  
*Ohio Bureau of Workers' Compensation*

John B. Stalzer  
Stephan Kremer  
Reminger Co., L.P.A.  
101 West Prospect Avenue, Suite 1400  
Cleveland, Ohio 44115-1093  
jstalzer@reminger.com  
skremer@reminger.com  
*Attorneys for Defendants Hoppus, Barker, and Skiba*

And served on October 10, 2018, pursuant to Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC  
c/o Bo Gardner, Statutory Agent  
2850 Ocean Park Boulevard, Suite 300  
Santa Monica, California 90405

Live Nation Entertainment, Inc.  
c/o Corporation Creations Network, Inc.  
1430 Truxtun Avenue, 5th Floor  
Bakersfield, California 93301

James Grant Group Ltd  
9000 Sunset Boulevard, #1000  
Los Angeles, California 90069

/s/Ronald B. Lee  
*One of the Attorneys for Defendant Deckstar, Incorrectly Named as "Deckster" in Plaintiff's Complaint*

2

13078066 _1 127899.0030

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEVIN DARAGO, | CASE NO.    CV-2018-07-2945 |
| Plaintiff, | JUDGE PAUL GALLAGHER |
| vs. | |
| LIVE NATION ENTERTAINMENT, INC., | **AFFIDAVIT OF LAWRENCE VAVRA** |
| Defendants. | |

LAWRENCE VAVRA, being duly sworn, states as follows:

a.      I am the co-Founder and President of AM LV PR, LLC doing business as ("d/b/a") Deckstar.

2.      Deckstar is a trademark owned by AM LV PR, LLC, serial # 77980870, and registered on January 11, 2011.

a.      AM LV PR, LLC d/b/a Deckstar's address is 9100 Wilshire Boulevard, Suite 100 West, Beverly Hills, California 90212.

3.      AM LV PR, LLC d/b/a Deckstar is a California domestic in the business of music management.

4.      AM LV PR, LLC d/b/a Deckstar was incorporated in California on December 28, 2006.

5.      AM LV PR, LLC d/b/a Deckstar's headquarters, principal place of business, administrative, and executive functions are all in California.

6.  In 2017, AM LV PR, LLC d/b/a Deckstar merged with, and is now a subsidiary of, James Grant Group.

7.  AM LV PR, LLC d/b/a Deckstar does not have any offices in Ohio.

8.  AM LV PR, LLC d/b/a Deckstar has no employees or agents in Ohio.

9.  AM LV PR, LLC d/b/a Deckstar has no members, directors, or officers in Ohio.

10.  AM LV PR, LLC d/b/a Deckstar has no representatives in Ohio.

11.  AM LV PR, LLC d/b/a Deckstar has no subsidiaries in Ohio.

12.  AM LV PR, LLC d/b/a Deckstar does not have any registered agents in Ohio.

13.  AM LV PR, LLC d/b/a Deckstar does not maintain a post office box in Ohio.

14.  AM LV PR, LLC d/b/a Deckstar does not maintain a bank account in Ohio.

15.  AM LV PR, LLC d/b/a Deckstar does not own any real property in Ohio.

16.  I am not aware of AM LV PR, LLC d/b/a Deckstar having any presence in Ohio other than the lawsuit filed by Kevin Darago, entitled *Darago v. Live Nation Entertainment, Inc.* and brought in the Summit County Court of Common Pleas as Case Number CV-2018-07-2945 ("*Darago v. Live Nation* litigation").

17.  Kevin Wolff is an independent contractor who serves as an Artist Manager for AM LV PR, LLC d/b/a Deckstar.

18.  On September 12, 2018, Mr. Wolff received via certified mail a Summons, dated September 5, 2018, and a Complaint of New Party Plaintiff Ohio Bureau of Workers' Compensation, dated September 4, 2018, in the *Darago v. Live Nation* litigation.

19.  Mr. Wolff immediately passed the Summons and Complaint on to me.

2

20.    Mr. Wolff did not have authority to accept service of process.

FURTHER AFFIANT SAYETH NAUGHT.

Lawrence Vavra

SWORN TO and SUBSCRIBED BEFORE ME this __4__ day of October 2018.

Notary Public
My Commission Expires: 9-26-2019



MARIA TERESA BRAVO
Commission # 2128132
Notary Public - California
Los Angeles County
My Comm. Expires Sep 26, 2019

3

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEVIN DARAGO,                                    CASE NO.   CV 2018 07 2945

                          Plaintiff,             JUDGE PAUL GALLAGHER

vs.                                              **MOTION TO DISMISS COMPLAINT**
                                                 **OF NEW PARTY PLAINTIFF OHIO**
LIVE NATION ENTERTAINMENT,                       **BUREAU OF WORKERS'**
INC., et al.,                                    **COMPENSATION PURSUANT TO**
                                                 **CIV.R. 12(B)(2), (4), AND (5)**
                          Defendants.

        Now comes the undersigned, as counsel for Deckstar, incorrectly named as "Deckster" in

the Complaint of New Party Plaintiff Ohio Bureau of Workers' Compensation ("Complaint of

New Party Plaintiff"), and hereby enters this limited appearance for the sole purpose of moving

to dismiss all allegations contained in the Complaint of New Party Plaintiff against Deckstar,

pursuant to Ohio Rules of Civil Procedure ("Civ.R.") 12(B)(2), (4), and (5).   Dismissal is

appropriate as the Court does not have personal jurisdiction over Deckstar because Deckstar is a

trademark, not a legal entity capable of being sued.   Additionally, Plaintiff Ohio Bureau of

Workers' Compensation ("BWC") failed to obtain valid or effective process over Deckstar as, in

addition to Deckstar being the wrong entity, BWC served "Deckster," not "Deckstar."   BWC's

service of process is also insufficient because service was made to the wrong person.

        The reasons supporting this Motion are set forth in the attached Brief in Support and the

Affidavit of Lawrence Vavra, attached hereto as Exhibit A.

1

Dated: October 10, 2018

Respectfully submitted,

/s/Ronald B. Lee
Ronald B. Lee (4957)
rlee@ralaw.com
Whitney Todd (81659)
wtodd@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577

*Attorneys for Defendant Deckstar,
Incorrectly Named as "Deckster" in
Plaintiff's Complaint*

2

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..................................................4

*Cobble v. Farmer's Bank*, 630 Ohio St. 528 (1900) ......................................................2

*Czyz v. Best Choice Moving, Inc.*, 5th Dist. Guernsey No. 14CA23, 2015-Ohio-3562..................3

*DeWine v. 9150 Group, L.P.*, 2012-Ohio-3339, 977 N.E.2d 112 (9th Dist.) ..............................3, 4

*Greene v. Greene*, 9th Dist. Medina No. 1287, 1984 WL 6191 (May 30, 1984)............................2

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..........................................................4

*Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312. ....................................4

*Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984) .................................2, 4, 5

*Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 26348, 2013-Ohio-3348, (July 31, 2013).........2

*Miley v. STS Systems, Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, (10th Dist.)............................................................................................................4

*O.B. Corp. v. Cordell*, 47 Ohio App.3d 170, 547 N.E.2d 1201 (10th Dist. 1988) ..........................4

*Patterson v. V. & M Auto Body*, 63 Ohio St.3d 573, 589 N.E.2d 1306 (1992) ..........................2, 3

*Rondy v. Rondy*, 13 Ohio App.3d 19, 22, 468 N.E.2d 81 (9th Dist. 1983) ......................................2

*Wozniak v. Potter*, 9th Dist. Summit No. 24956, 2010-Ohio-3008...................................3

i

<div align="center">

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF**
**NEW PARTY PLAINTIFF OHIO BUREAU OF WORKERS' COMPENSATION**
**PURSUANT TO CIV.R. 12(B)(2), (4), AND (5)**

</div>

**I.     INTRODUCTION**

    When the Ohio Bureau of Workers' Compensation ("BWC") filed its Complaint of New Party Plaintiff, it named "Deckster" as a defendant and attempted service of same. BWC has named the wrong entity in two respects. First, the party that BWC served and repeatedly refers to as "Deckster" is, in fact, "Deckstar." Second, Deckstar is not a legal entity capable of being sued. Accordingly, this Court does not have personal jurisdiction over Deckstar. Additionally, BWC's process was insufficient as was service of process. BWC served "Deckster," not Deckstar. Also, Deckstar is a trademark of AM LV PR, LLC. And service was made to the wrong entity because it was directed to the attention of an independent contractor of AM LV PR, LLC.

**II.     STATEMENT OF FACTS**

    Plaintiff Kevin Darago ("Darago") filed this lawsuit on July 17, 2018, seeking damages from at least nine different Defendants, including BWC, alleging tort and contract claims supposedly related to an eye injury he alleges he sustained while he worked at a Blink-182 concert. BWC filed its Motion for Realignment of the Parties on August 15, 2018, seeking to be named a party plaintiff because BWC and Darago have similar interests and because BWC is a subrogee to Darago's claims in tort against the Defendants. Mot. of Ohio Bureau Workers' Comp. for Realignment of the Parties 3 (Aug. 15, 2018). After the Court granted BWC's motion, BWC filed its Complaint of New Party Plaintiff on September 4, 2018, seeking judgment

> against the Defendants in the amount of $100,170.39 for medical and compensation benefits paid plus the estimated future costs of Darago's claim, as well as any additional amounts expended for medical and

> compensation benefits, rehabilitation costs, and any other costs or
> expenses paid to or on behalf of Darago by the BWC during the pendency
> of this case, and costs.

Compl. of New Party Pl. Ohio Bureau of Workers' Comp. 3 (Sept. 4, 2018). On September 5, 2018, the Summit County Clerk of Courts attempted to serve a Summons and the Complaint to "Deckster, 9100 Wilshire Blvd, C/O Kevin Wolff, Beverly Hills, CA 90212." Summons to Deckster (Sept. 5, 2018). "Deckster" apparently refers to Deckstar. Kevin Wolff received the Summons and Complaint via certified mail on September 12, 2018. Mr. Wolff is an independent contractor for AM LV PR, LLC d/b/a Deckstar as an Artist Manager. Aff. of Lawrence Vavra ¶¶ 17-18 (Oct. 4, 2018), attached hereto as <u>Exhibit A</u>. Mr. Wolff did not have authorization to receive service. *Id.* ¶ 20.

## III.     LAW AND ARGUMENT

### 1.     This Court Does Not Have Personal Jurisdiction Over Deckstar.

"It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued. *Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 26348, 2013-Ohio-3348, ¶ 15 (July 31, 2013); see also *Patterson v. V. & M Auto Body*, 63 Ohio St.3d 573, 574, 589 N.E.2d 1306 (1992). "If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void." *Patterson*, 63 Ohio St.3d at 576, 589 N.E.2d 1306 (citing *Cobble v. Farmer's Bank*, 630 Ohio St. 528 (1900)). A judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process. *Rondy v. Rondy*, 13 Ohio App.3d 19, 22, 468 N.E.2d 81 (9th Dist. 1983). See also *Greene v. Greene*, 9th Dist. Medina No. 1287, 1984 WL 6191 (May 30, 1984)

2

("A void judgment is one entered either without jurisdiction of the person or of the subject matter.").

Moreover, "a civil lawsuit is not commenced when filed against an incorrectly named defendant unless the pleading is later amended to name the correct defendant." *Patterson*, 63 Ohio St.3d at 576, 589 N.E.2d 1306. Ohio courts have frequently dismissed matters involving incorrectly named defendants. For example, in *Czyz v. Best Choice Moving, Inc.*, 5th Dist. Guernsey No. 14CA23, 2015-Ohio-3562, the appellate court upheld the trial court's decision denying the plaintiff's request for a default judgment because the plaintiff did not follow the trial court's order to amend her complaint to add the defendant under its correct name, not its "doing business as" name. And in *Wozniak v. Potter*, 9th Dist. Summit No. 24956, 2010-Ohio-3008, the plaintiff repeatedly brought suit against a deceased defendant and his estate even though an estate itself cannot be sued. *Id.* at ¶18. Because the plaintiff did not bring suit against the proper party—the executor or administrator in his or her representative capacity—until one year after the case was first filed, the appellate court affirmed the case's dismissal pursuant to Civ.R. 12(B)(2). *Id.* at ¶ 30.

Here, Deckstar is not a legal entity. Rather, it is a trademark of AM LV PR, LLC, a subsidiary of James Grant Group. Exhibit A at ¶¶ 2, 6. As was the case of the incorrect defendant in *Czyz v. Best Choice Moving, Inc.* (supra), Deckstar is a "doing business name" for AM LV PR, LLC. Exhibit A at ¶¶ 1-2. Therefore, the Court has no personal jurisdiction over Deckstar, and BWC's claims against Deckstar are void and should be dismissed.

Once a defendant moves to dismiss a matter for lack of jurisdiction, the plaintiff must come forward with facts by affidavit or otherwise supporting personal jurisdiction. See, e.g., *DeWine v. 9150 Group, L.P.*, 2012-Ohio-3339, 977 N.E.2d 112, ¶ 8 (9th Dist.). Here, BWC will

3

be unable to do so. There is simply no getting around the fact that Deckstar, a trademark, is not an entity capable of being sued.[1]

### 2. BWC's Process and Service of Process Were Insufficient.

A court lacks personal jurisdiction over a defendant if effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. See, e.g., *Miley v. STS Systems, Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, ¶ 6 (10th Dist.) (citation omitted). Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void *ab initio*. *O.B. Corp. v. Cordell*, 47 Ohio App.3d 170, 171, 547 N.E.2d 1201 (10th Dist. 1988). Therefore, courts take defects in service very seriously when deciding these issues, and even minor defects in service will not be overlooked—even if that would result in the harsh outcome of a dismissal of the lawsuit with prejudice. *Maryhew*, 11 Ohio St.3d at 154. When there is no proper service, the court lacks personal jurisdiction over the defendant. *Jacobs v. Szakal*, 9th Dist. Summit No. 22903, 2006-Ohio-1312, ¶ 9.

Here, BWC's process was insufficient. BWC identified "Deckster," not "Deckstar" in its Complaint and Summons. Even if BWC had gotten the name right, Deckstar is a trademark, not a party that can be sued. Service of process was also insufficient. Service was made to the wrong entity as it was addressed to the attention of Kevin Wolff, an independent contractor of

---

[1] Even if Deckstar was a legal entity, this Court would still be without personal jurisdiction over it. Deckstar does not have certain minimum contacts with Ohio such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *DeWine*, 2012-Ohio-3339, 977 N.E.2d 112, at ¶ 18 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This requirement would be satisfied if Ohio has either specific or general jurisdiction over a nonresident, but here it does not because Deckstar has *no* contacts with Ohio. Exhibit A at ¶¶ 7-16. Because Deckstar does not maintain "continuous and systematic" contacts with Ohio, Ohio does not have general jurisdiction over Deckstar. See, e.g., *DeWine*, 2012-Ohio-3339, 977 N.E.2d 112, at ¶ 26. And Ohio does not have specific jurisdiction over Deckstar because, at a minimum, Deckstar has not purposefully availed itself of the privilege of acting in the state and its acts or consequences do not have a substantial enough connection with Ohio to make the exercise of jurisdiction over it reasonable. See, e.g., *id.* at ¶¶ 19-20 (following *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

4

AM LV PR, LLC d/b/a Deckstar as an Artist Manager.  Exhibit A at ¶ 17.  Accordingly, the Court has no personal jurisdiction over Deckstar, and the claims against Deckstar should be dismissed pursuant to Civ.R. 12(B)(4) and (5).

As with personal jurisdiction, plaintiffs have the burden to ensure that proper service has been accomplished under the Rules of Civil Procedure.  *Maryhew*, 11 Ohio St. 3d at 157 (explaining that "the obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation.").  In the present case, the prerequisite of effective service has not been met, and thus BWC has failed to properly commence this action against Deckstar.  As such, BWC's Complaint of New Party Plaintiff against Deckstar is a nullity.  See *Maryhew*, 11 Ohio. St.3d at 156.

## IV.    CONCLUSION

For the reasons identified, Deckstar respectfully requests this Court dismiss BWC's claims brought against Deckstar in their entirety and with prejudice.

Dated: October 10, 2018

Respectfully submitted,

*/s/Ronald B. Lee*
Ronald B. Lee (4957)
rlee@ralaw.com
Whitney Todd (81659)
wtodd@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577

*Attorneys for Defendant Deckstar,*
*Incorrectly Named as "Deckster" in*
*Plaintiff's Complaint*

5

## PROOF OF SERVICE

    I hereby certify that the foregoing was electronically filed on October 10, 2018 via the Court's eFile System which shall send notifications of this filing to the following:

Robert C. Meeker                    Edward T. Saadi
Blakemore, Meeker & Bowler Co.      Edward T. Saadi, LLC
495 Portage Lakes Drive             970 Windham Court, Suite 7
Akron, Ohio 44319                Boardman, Ohio 44512
rcmeeker@bmblaw.com           EdwardSaadi@aol.com
*Attorney for Plaintiff*              *Attorney for Plaintiff-Intervenor*
                               *Ohio Bureau of Workers'*
                               *Compensation*

John B. Stalzer
Stephan Kremer
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093
jstalzer@reminger.com
skremer@reminger.com
*Attorneys for Defendants Hoppus, Barker,*
*and Skiba*

I further certify that on September 13, 2018, I served this document in accordance with Ohio Civ.R. 5(B)(2)(c) by U.S. Mail to the following parties:

Viking Wizard Eyes, LLC          Live Nation Entertainment, Inc.
c/o Bo Gardner, Statutory Agent     c/o Corporation Creations Network, Inc.
2850 Ocean Park Boulevard, Suite 300    1430 Truxtun Avenue, 5th Floor
Santa Monica, California 90405       Bakersfield, California 93301

James Grant Group Ltd
9000 Sunset Boulevard, #1000
Los Angeles, California 90069

                               /s/Ronald B. Lee
                               *One of the Attorneys for Defendant*
                               *Deckstar, Incorrectly Named as "Deckster"*
                               *in Plaintiff's Complaint*

6

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | Case No. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | Judge Paul Gallagher |
| | ) | |
| -vs.- | ) | 1.   PLAINTIFF'S MOTION TO APPOINT PROCESS SERVER |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC. et al., | ) | 2.   CERTIFICATE OF SERVICE |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes, KEVIN DARAGO, Plaintiff herein, by and through his attorney, Robert C. Meeker, of Blakemore, Meeker and Bowler Co., L.P.A., and hereby moves this Honorable Court to appoint FREELAND OLIVERIO to personally serve process or motion upon Name Unknown party, to wit: **AM LV PR, LLC., D/B/A DECKSTAR,** c/o Ronald B. Lee, Esq., its authorized agent, of Roetzel & Andress, LPA, 222 South Main St., Akron, Ohio 44308, to be designated as Doe Entity 1, and/or other places where said Name Unknown party may be found or located. Said proposed process server is not a party in this action and is otherwise qualified to personally serve process, as provided in Rule 4.1(B) of the Ohio Rules of Civil Procedure (Civ.R.) A proposed Order is being provided herewith for the Court's convenience.

Dated: Akron, Ohio, October 11, 2018.

Respectfully submitted,


/s/ Robert C. Meeker
ROBERT C. MEEKER (#0013019)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [Voice]
330-253-4131 [Facsimile]
rcmeeker@bmblaw.com
*Attorney for Plaintiff Kevin Darago*

**IN THE SUMMIT COUNTY COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

KEVIN DARAGO,

     Plaintiff,

     vs.

LIVE NATION ENTERTAINMENT, INC, et al.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV-2018-07-2945

Judge Paul Gallagher

**MOTION FOR EXTENSION OF TIME**
**TO OPPOSE MOTION TO DISMISS**
**COMPLAINT OF NEW PARTY**
**PLAINTIFF**

     NOW COMES Plaintiff, Ohio Bureau of Workers' Compensation ("BWC"), by and through special counsel, and hereby requests an extension of time to oppose to Defendant Deckster's Motion to Dismiss Complaint of New Party Plaintiff.  Plaintiff requests an additional 14 days (to October 31, 2018) to respond.

     For cause, BWC states as follows:  Deckster's 12-page Motion raises numerous complex issues of law and fact.  BWC's counsel will require additional time to prepare an adequate response to the Motion.  As such, BWC requests a 14-day extension.  Defendant Deckster will not be prejudiced by this request.

/s/ Edward T. Saadi
Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
970 Windham Court, Suite 7
Boardman, OH  44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com
*Special Counsel to Ohio Attorney*
*General Mike DeWine*

-1-

## CERTIFICATE OF SERVICE

A copy of the foregoing **MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS COMPLAINT OF NEW PARTY PLAINTIFF** was served by this ___ day of October, 2018 by ordinary United States mail, postage prepaid to:

Robert C. Meeker, Esq.
Blakemore, Meeker & Bowler
495 Portage Lakes Drive
Akron, OH 44319

Live Nation Entertainment, Inc.
c/o corporation creations network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA 93301

Viking Wizard Eyes, LLC
c/o Bo Gardner, Stat. Agent
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA 90405

John B. Stalzer, Esq.
Stephan Kremer, Esq.
Reminger Co., LPA
101 West Prospect Ave., Ste 1400
Cleveland, OH 44115-1093

James Grant Group Ltd.
9000 Sunset Blvd. #1000
Los Angeles, CA 90069

Ronald B. Lee, Esq.
Whitney A. Todd, Esq.
ROETZEL & ANDRESS
222 S. Main St.
Akron, OH 44308

**/s/ Edward T. Saadi**
Edward T. Saadi, Esq. (#0075775)

–2–

-1-

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY
STATE OF OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | Case No. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | Judge: PAUL GALLAGHER |
| | ) | |
| -vs.- | ) | **PRAECIPE TO THE** |
| | ) | **CLERK OF COURTS** |
| | ) | |
| LIVE NATION ENTERTAINMENT, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**TO THE CLERK OF COURTS:**

Please issue original summons, as follows (in bold):

To:     **Name Unknown**
**to wit: Doe Entity 1**
**AM LV PR, LLC**
**c/o Ronald B. Lee**
**ROETZEL & ANDRESS, LPA**
**222 South Main Street**
**Akron, OH 44308**

**To the above named defendant(s):**

**You are hereby summoned that a Complaint (a copy of which is hereto attached and made a part hereof) had been filed against you in this court by the plaintiff(s) named herein.   You are required to serve upon the plaintiff's attorney, or upon the plaintiff if he/she has no attorney of record, a copy of your answer to the Complaint within 28 days after service of this summons upon you.   Said answer must be filed with this court within three days after service on plaintiff's attorney.**

The name and address of the plaintiff's attorney is, as follows:

**ROBERT CHARLES MEEKER**
**495 PORTAGE LAKES DRIVE**
**AKRON, OHIO 44319.**

Blakemore, Meeker &
Bowler Co., L.P.A.
Attorneys At Law
495 Portage Lakes Drive
Akron, Ohio 44319
Tel: (330)253-3337
Fax: (330)253-4131

-2-

**If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.**

Dated: Akron, Ohio, October 16, 2018.

Respectfully submitted,

*/s/ Robert C. Meeker*
ROBERT C. MEEKER (#0013019)
rcmeeker@bmblaw.com
Blakemore, Meeker, Bowler, Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]
Attorney for Plaintiff
KEVIN DARAGO



Blakemore, Meeker &
Bowler Co., L.P.A.
Attorneys At Law
495 Portage Lakes Drive
Akron, Ohio 44319
Tel: (330)253-3337
Fax: (330)253-4131

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL GALLAGHER |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS MARK HOPPUS,** |
| LIVE NATION ENTERTAINMENT, | ) | **TRAVIS BARKER AND MATT** |
| INC., et al | ) | **SKIBA'S ANSWER TO COMPLAINT** |
| | ) | **OF NEW PARTY PLAINTIFF OHIO** |
| Defendants. | ) | **BUREAU OF WORKERS'** |
| | ) | **COMPENSATION** |
| | ) | |
| | ) | |

Defendants Mark Hoppus, Travis Barker and Matt Skiba, for their Answer to Plaintiff Ohio Bureau of Workers' Compensation Complaint:

1.     Deny that they are liable for any injuries suffered by the Plaintiff as alleged in his Complaint. Further answering, Defendants deny for want of knowledge that BWC has paid Plaintiff as alleged in paragraph 1 of the Complaint.

2.     Deny the allegations contained in paragraph 2.

3.     Deny the allegations contained in paragraph 3.

4.     Deny the allegations contained in paragraph 4.

**WHEREFORE**, having fully answered, Defendants move this Court to dismiss New Party Plaintiff's Complaint, with prejudice, at New Party Plaintiff's cost.

Respectfully submitted:

/s/ John B. Stalzer
John B. Stalzer (0074371)
Stephan Kremer (0061473)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, OH  44115-1093
Phone:  216/687-1311
Fax:  216/430-2278
Email: jstalzer@reminger.com
skremer@reminger.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The foregoing Answer was electronically filed this this 16th day of October 2018.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ John B. Stalzer
John B. Stalzer

## IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

| | | |
|---|---|---|
| KEVIN DARAGO, et al. | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiffs | ) | JUDGE PAUL J. GALLAGHER |
| -vs- | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC., et al. | ) | **O R D E R** |
| | ) | |
| | ) | |
| Defendants | - - - | |

Upon due consideration of this Court, Motion for Extension of Time to Oppose Motion to Dismiss Complaint of New Party Plaintiff is <u>granted</u> until October 31, 2018.

IT IS SO ORDERED.

_____
JUDGE PAUL J. GALLAGHER

CC:  ATTORNEY ROBERT C. MEEKER
     ATTORNEY JOHN B. STALZER
     ATTORNEY RONALD B. LEE
     ATTORNEY WHITNEY TODD

HRA

CMSN1000

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO, | ) | Case No. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE: Paul Gallagher |
| | ) | |
| | ) | |
| Vs. | ) | ORDER APPOINTING PROCESS |
| | ) | SERVER |
| | ) | |
| LIVE NATION ENTERTAINMENT INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Upon motion by the Plaintiff and for good cause shown, the Court hereby grants the

motion and appoints FREELAND OLIVERIO to personally serve process or motion upon Name

Unknown party, to wit: : **AM LV PR, LLC., D/B/A DECKSTAR,** c/o Ronald B. Lee, Esq., its

authorized agent, of Roetzel & Andress, LPA, 222 South Main St., Akron, Ohio 44308,

or other places where said Name Unknown party may be found or located.

_____
JUDGE PAUL J. GALLAGHER

CMSN1000

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:    CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                    **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
1430 Truxtun Ave Fl 5
C/O CORPORATION CREATIONS NETWORK INC
Bakersfield,   CA   93301

**TO the following:**

NAME UNKNOWN TO WIT: DOE ENTITY 1 AM LV PR, LLC
C/O RONALD B. LLC ROETZEL & ANDRESS, LPA
222 SOUTH MAIN STREET
Akron, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

October 18, 2018

CV-2018-07-2945          GALLAGHER, PAUL          10/30/2018 11:00:31 AM          NSER          Page 1 of 2

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE:  PAUL GALLAGHER |
| | ) | |
| Vs. | ) | |
| | ) | NOTICE OF SERVICE |
| LIVE NATION ENTERTAINMENT, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, KEVIN DARAGO, by and through his attorney Robert C.

Meeker of Blakemore, Meeker and Bowler Co., L.P.A.,  and hereby gives Notice to the Court

that he has served the Plaintiff's First Request for Answers to Interrogatories and Plaintiff's First

Request for Production of Documents & Things Directed to the following defendants:

- Live Nation Entertainment, INC. (c/o Corporation Creations Network, INC.)
  - Sent by regular mail to 1430 Truxtun Ave. 5th Floor, Bakersfield, CA 93301
- The James Grant Group, LTD.
  - Sent by regular mail to 9000 Sunset Blvd #1000 Los Angeles, CA 90069
- (Name Unknown Doe Entity 1) AM LV PR, LLC d/b/a Deckstar (c/o Attorney Ronald Lee)
  - Sent by email to rlee@ralaw.com.
- (Name Unknown Doe Corporation 1) Bring The Awesome, INC. (c/o Attorney John Stalzer)
  - Sent by email to jstalzer@reminger.com.
- Travis Barker
  - Sent by email to jstalzer@reminger.com.
- Matt Skiba
  - Sent by email to jstalzer@reminger.com.
- Mark Hoppus
  - Sent by email to jstalzer@reminger.com.

Plaintiff certifies that these documents were served upon all parties via electronic mail or regular United States Mail this 30th day of October, 2018.

Respectfully submitted,

*/s/ Robert C. Meeker*
ROBERT C. MEEKER (#0013019)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [Voice]
330-253-4131 [Facsimile]
rcmeeker@bmblaw.com
*Attorney for Plaintiff Kevin Darago*

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN DARAGO | ) | CASE NO. CV-2018-07-2945 |
| | ) | |
| Plaintiff, | ) | JUDGE: PAUL GALLAGHER |
| | ) | |
| Vs. | ) | |
| | ) | NOTICE OF SERVICE |
| LIVE NATION ENTERTAINMENT, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, KEVIN DARAGO, by and through his attorney Robert C.

Meeker of Blakemore, Meeker and Bowler Co., L.P.A., and hereby gives Notice to the Court

that he has served the Plaintiff's First Request for Answers to Interrogatories and Plaintiff's First

Request for Production of Documents & Things Directed to the following defendants:

- Live Nation Entertainment, INC. (c/o Corporation Creations Network, INC.)
  - Sent by regular mail to 1430 Truxtun Ave. 5th Floor, Bakersfield, CA 93301
- The James Grant Group, LTD.
  - Sent by regular mail to 9000 Sunset Blvd #1000 Los Angeles, CA 90069
- (Name Unknown Doe Entity 1) AM LV PR, LLC d/b/a Deckstar (c/o Attorney Ronald Lee)
  - Sent by email to rlee@ralaw.com.
- (Name Unknown Doe Corporation 1) Bring The Awesome, INC. (c/o Attorney John Stalzer)
  - Sent by email to jstalzer@reminger.com.
- Travis Barker
  - Sent by email to jstalzer@reminger.com.
- Matt Skiba
  - Sent by email to jstalzer@reminger.com.
- Mark Hoppus
  - Sent by email to jstalzer@reminger.com.

Plaintiff certifies that these documents were served upon all parties via electronic mail or regular United States Mail this 30th day of October, 2018.

Respectfully submitted,

/s/ Robert C. Meeker
ROBERT C. MEEKER (#0013019)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [Voice]
330-253-4131 [Facsimile]
rcmeeker@bmblaw.com
Attorney for Plaintiff Kevin Darago

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH  44221

and

OHIO BUREAU OF WORKERS'
COMPENSATION
30 W. Spring St.
Columbus, OH  43215,

      Plaintiffs,

      vs.

Live Nation Entertainment, Inc.
c/o corporation creations network, Inc.
1430 Truxtun Avenue, 5th Floor
Bakersfield, CA  93301

and

Viking Wizard Eyes, LLC
c/o Bo Gardner, Stat. Agent
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

Mark Hoppus
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

Travis Barker
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV-2018-07-2945

Judge Paul Gallagher

**COMPLAINT OF NEW PARTY**
**PLAINTIFF OHIO BUREAU OF**
**WORKERS' COMPENSATION**

(BWC No. 16-336856)
(BWC Ref. No. BWS-5843)

1

Matt Skiba
c/o Viking Wizard Eyes, LLC
2850 Ocean Park Blvd., Suite 300
Santa Monica, CA  90405

and

James Grant Group Ltd.
9000 Sunset Blvd. #1000
Los Angeles, CA  90069

and

DECKSTER
c/o Kevin Wolff
9100 Wilshire Blvd.
Beverly Hills, CA  90212

      Defendants.

---

      Plaintiff, Ohio Bureau of Workers' Compensation ("BWC"), by and through the Ohio

Attorney General acting through Special Counsel duly appointed as provided in section 109.08

of the Ohio Revised Code, and states as follows:

      1.    As a result of the injuries alleged in the Complaint, the BWC has paid to Plaintiff,

as of July 31, 2018, a total of $35,130.55 (which includes $35,130.55 in medical payments and

$0.00 in compensation).  In addition, the BWC is entitled to estimated future costs of the claim,

which are calculated as of July 31, 2018 at $65,039.84.  The BWC is also entitled to additional

sums paid to or on behalf of the Plaintiff during the pendency of this action.

      2.    R.C. §4123.93 and §4123.931 provide that the BWC has an independent right of

recovery and is subrogated to the Plaintiff's rights against the Defendant with respect to past,

present, and estimated future payments of compensation, medical benefits, rehabilitation costs,

and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC.

2

3.      R.C. §4123.93 and §4123.931 of the Ohio Revised Code are constitutional under both the Ohio Constitution and the United States Constitution.

4.      R.C. §4123.93 and §4123.931 entitle the BWC to recover amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC, including any estimated future payments, out of any funds paid by Defendants to Plaintiff in settlement, compromise, judgment, award, or other recovery of this claim.

WHEREFORE, the BWC demands judgment on its Complaint against the Defendants in the amount of $100,170.39 for medical and compensation benefits paid plus the estimated future costs of this claim, plus any additional amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses paid to or on behalf of the Plaintiff by the BWC during the pendency of this proceeding, plus costs.

Respectfully Submitted,

MIKE DEWINE
OHIO ATTORNEY GENERAL

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH  44512
(330) 782-1954 (office); (330) 266-7489 (fax)
EdwardSaadi@aol.com

3

## CERTIFICATE OF SERVICE

A copy of the foregoing **COMPLAINT OF NEW PARTY PLAINTIFF OHIO BUREAU OF WORKERS' COMPENSATION** was served this ___4___ day of September, 2018 by ordinary United States mail, postage prepaid to:

ROBERT C. MEEKER, ESQ.
BLAKEMORE, MEEKER & BOWLER
495 PORTAGE LAKES DRIVE
AKRON, OH 44319

LIVE NATION ENTERTAINMENT, INC.
c/o CORPORATION CREATIONS NETWORK, INC.
1430 TRUXTUN AVENUE, 5TH FLOOR
BAKERSFIELD, CA 93301

VIKING WIZARD EYES, LLC
c/o BO GARDNER, STAT. AGENT
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MARK HOPPUS
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

TRAVIS BARKER
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

MATT SKIBA
c/o VIKING WIZARD EYES, LLC
2850 OCEAN PARK BLVD., SUITE 300
SANTA MONICA, CA 90405

JAMES GRANT GROUP LTD.
9000 SUNSET BLVD. #1000
LOS ANGELES, CA 90069

DECKSTER
c/o KEVIN WOLFF
9100 WILSHIRE BLVD.
BEVERLY HILLS, CA 90212

**MIKE DEWINE**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

4

## IN THE SUMMIT COUNTY COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

|  |  |
|---|---|
| KEVIN DARAGO, et al., | ) Case No.: CV-2018-07-2945 |
| | ) |
| Plaintiffs, | ) Judge Paul Gallagher |
| | ) |
| vs. | ) **PRAECIPE** |
| | ) |
| Live Nation Entertainment, Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

TO THE CLERK:

Responsive to the Notices of Service Failure dated September 19, 2018 and September 14, 2018, please issue a *Summons on Complaint of New Party Plaintiff Ohio Bureau of Workers' Compensation* and serve it, along with said *Complaint*, on Defendants Live Nation Entertainment, Inc. and James Grant Group, Ltd., via certified mail, return receipt requested, at the addresses below:

Live Nation Entertainment, Inc.
c/o Corporation Creations Network, Inc.
9348 Civic Center Drive
Beverly Hills, CA  90210

James Grant Group, Ltd.
9100 Wilshire Blvd.
Suite 100W
Beverly Hills, CA  90212

Respectfully Submitted,

**MIKE DEWINE**
**OHIO ATTORNEY GENERAL**

Edward T. Saadi, Esq. (#0075775)
EDWARD T. SAADI, LLC
*As Special Counsel for the Ohio Attorney General*
970 Windham Ct., Ste. 7
Boardman, OH  44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

1

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

### INTERVENOR'S COMPLAINT

KEVIN DARAGO
      AND
BUREAU OF WORKERS CONPENSATION
   **PLAINTIFFS**

  -VS-

                               # Summons

LIVE NATIONAL ENTERTAINMENT, INC.
  **DEFENDANTS**

**TO THE FOLLOWING**:
JAMES GRANT GROUP, LTD
9100 WILSHIRE BLVD, SUITE 100W
BEVERLY, HILLS, CA 90212

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto. The name and address of the Intervening plaintiff Bureau of Worker's Compensation's Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO**     **Date: November 5, 2018**

IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

**CASE NUMBER: CV2018-07-2945**

**INTERVENOR'S COMPLAINT**

KEVIN DARAGO
AND
BUREAU OF WORKERS CONPENSATION
**PLAINTIFFS**

   **-VS-**

                                            **Summons**

LIVE NATIONAL ENTERTAINMENT, INC.
   **DEFENDANTS**

**TO THE FOLLOWING:**
LIVE NATIONAL ENTERTAINMENT INC
C/O CORPORATION CREATIONS NETWORK, INC
9348 CIVIC CENTER, CA 90210

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron, Ohio 44308.

A copy of the **INTERVENOR'S COMPLAINT** is attached hereto. The name and address of the Intervening plaintiff Bureau of Worker's Compensation's Attorney is:

**EDWARD T. SAADI**
**970 WINDHAM CT, STE 7**
**BOARDMAN, OHIO 44512**
**PHONE: (330) 782-1954**

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the INTERVENOR'S COMPLAINT within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment by default may be rendered against you for the relief demand in the INTERVENOR'S COMPLAINT.**

**Sandra Kurt, Clerk, Court of Common Pleas, Summit County, Ohio**
**Deputy Clerk: I. RAITUMBAPOO     Date: November 5, 2018**

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY
STATE OF OHIO

KEVIN DARAGO,                  )    Case No. CV-2018-07-2945
                             )
           Plaintiff,        )    Judge: PAUL GALLAGHER
                             )
      -vs.-                  )    **INSTRUCTIONS FOR**
                             )    **SERVICE OF PROCESS**
                             )
LIVE NATION ENTERTAINMENT,       )
INC., et al.,                 )
                             )
           Defendants.     )
                             )

**TO THE CLERK OF COURTS:**

Please issue original SUMMONS, with a copy of the COMPLAINT, and serve upon the

individual(s) and/or entity(ies), as follows:

        **LIVE NATION ENTERTAINMENT, INC.**
        **c/o Corporate Creations Network, Inc.**
        **ATTN:Sarah Clemens OR Christian Larranaga OR Tiffany Phillips OR Trent**
        **Bavaro OR Veronica Valega**
        **4640 Admiralty Way, 5th Floor**
        **Marina del Rey, California, 90292**

via FedEx, with return receipt requested, and/or in accordance with law.  Please make all papers

returnable according to law.

        Dated: Akron, Ohio, November 6, 2018.

                                    Respectfully submitted,

                                    */s/ Robert C. Meeker*
                                    ROBERT C. MEEKER (#0013019)
                                    rcmeeker@bmblaw.com
                                    Blakemore, Meeker, Bowler, Co., L.P.A.
                                    495 Portage Lakes Drive
                                    Akron, Ohio 44319
                                    330-253-3337 [voice]

330-253-4131 [facsimile]

Attorney for Plaintiff
KEVIN DARAGO

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2018-07-2945

KEVIN DARAGO
1868 Lancaster Street
Cuyahoga Falls, OH, 44221

-VS-                                                                  **SUMMONS**

LIVE NATION ENTERTAINMENT, INC.
4640 ADMIRALTY WAY FL 5
C/O CORP. CREATIONS NETWORK INC., ATTN: SARAH CLEMENS OR CHRISTIAN LARRANAGA
OR TIFFANY PHILLIPS OR TRENT BAVARO OR VERONICA VALEGA
Marina Del Rey,   CA   90292

**TO the following:**

LIVE NATION ENTERTAINMENT, INC.
4640 ADMIRALTY WAY FL 5
C/O CORP. CREATIONS NETWORK INC., ATTN: SARAH CLEMENS OR CHRISTIAN LARRANAGA
OR TIFFANY PHILLIPS OR TRENT BAVARO OR VERONICA VALEGA
Marina Del Rey, CA   90292

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT C. MEEKER
495 Portage Lakes Drive
Akron, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

November 7, 2018