IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN DARAGO, *et al.*,

                    Plaintiffs,

vs.

LIVE NATION ENTERTAINMENT,
INC., *et al.*,

                    Defendants.

CASE NO.  5:18-CV-2639

**ANSWER ON BEHALF OF
DEFENDANT LIVE NATION
WORLDWIDE, INC. TO PLAINTIFF
KEVIN DARAGO'S COMPLAINT**

**(Jury Demand Endorsed Hereon)**

Now comes Defendant, Live Nation Worldwide, Inc. ("Live Nation"), improperly identified in the Complaint as "Live Nation Entertainment, Inc.", by and through undersigned counsel, and for its Answer to Plaintiff Kevin Darago's Complaint, states as follows:

**FIRST DEFENSE**

1.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Live Nation admits that all relevant times herein it conducted business in Summit County, State of Ohio. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Live Nation restates and reavers Paragraphs 1 through 10 of its Answer as if fully rewritten herein.

12.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Live Nation admits that at all relevant times herein, Plaintiff Kevin Darago was employed and controlled by Live Nation, but that certain payroll, tax, and administrative functions related Plaintiff Kevin Darago's employment with Live Nation were performed by Cast & Crew Production Payroll, Inc. ("CCPPI") which rendered CCPPI Plaintiff Kevin Darago's "Employer of Record" pursuant to contract. Further answering, Live Nation is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Live Nation denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Live Nation admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Live Nation admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Live Nation admits that it operates and promotes Blossom Music Center for certain events. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Live Nation admits that it operates and promotes Blossom Music Center for certain events, including the blink 182 concert in question. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Live Nation admits that it operates and promotes Blossom Music Center for certain events, including the blink 182 concert in question. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Live Nation admits that the photographs contained in Paragraph 27 of Plaintiff's Complaint appear to depict a concert held at Blossom Music Center. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to when the photographs in contained in Paragraph 27 of Plaintiff's Complaint were taken, or which concert they are depicting.

28.     Live Nation admits that it operates and promotes Blossom Music Center for certain events, including the blink 182 concert in question. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Live Nation admits that it operates and promotes Blossom Music Center for certain events, including the blink 182 concert in question. Further answering Live Nation admits

that several thousand customers attended the blink 182 concert in question. Further answering, Live Nation admits that alcoholic beverages were sold to and consumed by customers of lawful age at the blink 182 concert in question. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Live Nation admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Live Nation admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Live Nation admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Live Nation admits the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Live Nation admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Live Nation denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

36.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Live Nation admits the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Live Nation admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Live Nation restates and reavers Paragraphs 1 through 45 of its Answer as if fully rewritten herein.

47. Paragraph 47 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Paragraph 48 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Paragraph 49 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Live Nation denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Live Nation denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Live Nation denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Live Nation denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Live Nation restates and reavers Paragraphs 1 through 53 of its Answer as if fully rewritten herein.

55.     Paragraph 55 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Paragraph 56 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Live Nation admits that "moshing" and "crowd surfing" are prohibited at Blossom Music Center. Further answering, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Live Nation denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Live Nation denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Live Nation denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Live Nation denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Live Nation denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Live Nation denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Live Nation restates and reavers Paragraphs 1 through 63 of its Answer as if fully rewritten herein.

65.     Paragraph 65 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Paragraph 66 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Live Nation denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Live Nation denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Live Nation restates and reavers Paragraphs 1 through 68 of its Answer as if fully rewritten herein.

70.     Paragraph 70 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Paragraph 71 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Live Nation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

## SECOND DEFENSE

75.     Live Nation affirmatively alleges, in the alternative, that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

76.     Insofar as Plaintiff's claims are barred by Ohio's Workers' Compensation laws, Plaintiff is not entitled to the requested relief.

## FOURTH DEFENSE

77.     Insofar as Plaintiff failed to allege any intentional conduct, Plaintiff is not entitled to the requested relief.

## FIFTH DEFENSE

78.     Live Nation affirmatively alleges, in the alternative, that service of process upon Live Nation was improper as a matter of law.

## SIXTH DEFENSE

79.     Live Nation affirmatively alleges, in the alternative, that service of process was insufficient as a matter of law.

## SEVENTH DEFENSE

80.     Insofar as Live Nation had no duty to Plaintiff, Plaintiff is not entitled to the requested relief.

**EIGHTH DEFENSE**

81.    Live Nation affirmatively alleges, in the alternative, that Plaintiff has failed to join all necessary parties for a just adjudication of the captioned matter, including those parties who may possess a subrogated interest in this matter.

**NINTH DEFENSE**

82.    Defendant affirmatively alleges, in the alternative, that the claims asserted in Plaintiff's Complaint are barred by the applicable statute of limitations.

**TENTH DEFENSE**

83.    To the extent that Live Nation did not create or have knowledge of any hazardous condition, Plaintiff is not entitled to the requested relief.

**ELEVENTH DEFENSE**

84.    Live Nation affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiff is barred in whole or in part by his own comparative negligence.

**TWELFTH DEFENSE**

85.    Live Nation affirmatively alleges, in the alternative, that the claims set forth in Plaintiff's Complaint are barred under the doctrine of superseding and/or intervening cause.

**THIRTEENTH DEFENSE**

86.    Live Nation affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiff were caused by the acts or omissions of persons and/or entities other than Live Nation, and over whose conduct Live Nation had no control, right to control, responsibility, or reason to anticipate.

**FOURTEENTH DEFENSE**

87.     Live Nation affirmatively alleges, in the alternative, that Plaintiff has failed to mitigate his damages, if any.

**FIFTEENTH DEFENSE**

88.     Live Nation affirmatively alleges, in the alternative, that the claims set forth in Plaintiff's Complaint are barred by the equitable doctrines of payment, release, and/or laches.

**SIXTEENTH DEFENSE**

89.     Live Nation affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred by the equitable doctrine of waiver.

**SEVENTEENTH DEFENSE**

90.     Live Nation affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred by the equitable doctrine of estoppel.

**EIGHTEENTH DEFENSE**

91.     Insofar as the injuries alleged in Plaintiff's Complaint were caused by the negligence, criminal acts, and/or intentional acts of parties other than Live Nation, Plaintiff is not entitled to the requested relief.

**NINETEENTH DEFENSE**

92.     Live Nation affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred as Plaintiff assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiff's Complaint.

**TWENTIETH DEFENSE**

93.     Live Nation affirmatively alleges, in the alternative, to the extent payments have been made to the Plaintiff or on Plaintiff's behalf for injuries alleged, such payments must be set off against damages awarded herein.

**TWENTY-FIRST DEFENSE**

94.     Live Nation affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred due to Plaintiff's status on the property.

**TWENTY-THIRD DEFENSE**

95.     Insofar as any alleged hazard was an open and obvious hazard, Plaintiff is not entitled to the requested relief.

**TWENTY-FOURTH DEFENSE**

96.     Live Nation affirmatively alleges, in the alternative, that Plaintiff's damages, if any, are limited by the provisions of Ohio Revised Code §2315.21, as upheld by *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 (2007).

**TWENTY-FIFTH DEFENSE**

97.     Live Nation affirmatively alleges, in the alternative, that it is entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available by statute including, but not limited to, those available under Chapter 23 of the Ohio Revised Code, R.C. §§2323.41, 2323.43, 2307.28, 2307.22, 2307.23, and codified sections of S.B. 120, S.B. 179, and S.B. 281.

## TWENTY-SIXTH DEFENSE

98.     Live Nation respectfully reserves the right to amend its Answer to Plaintiff's

Complaint to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-

party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE, Defendant Live Nation Worldwide, Inc. prays this Court dismiss the

Plaintiff's Complaint with prejudice, retain jurisdiction to decide any motion for sanctions that

may be filed, and award Live Nation Worldwide, Inc. its costs, fees, attorney's fees and such

other and further relief as this Court deems just and proper

Respectfully submitted,


*/s/ Nicholas P. Resetar*
Bradley A. Wright (0047090)
bwright@ralaw.com
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
ATTORNEYS FOR DEFENDANT LIVE
NATION WORLDWIDE, INC.


## JURY DEMAND

Defendant hereby demands a trial by jury.


*/s/ Nicholas P. Resetar*
Bradley A. Wright
Nicholas P. Resetar


14

## **PROOF OF SERVICE**

I hereby certify that on this 15th day of November. 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Nicholas P. Resetar*
Bradley A. Wright

Nicholas P. Resetar
13208141 _1  119074.0015